Douglas et al. v. Grant.

---

## ADDISON C. DOUGLAS ET AL.

### v.

## GEORGE GRANT.

1. CONTRACT—EVIDENCE WHERE PARTY SEEKS TO RECTIFY MISTAKE IN WRITTEN INSTRUMENT.—Where a party seeks to rectify a written instrument on the ground of mistake, the evidence must be such as to leave no fair and reasonable doubt upon the mind that the instrument does not emb.dy the final intention of the parties.

2. EVIDENCE.—If the facts as alleged by appellee could in any event be regarded as a modification of the written contract, so as to justify a court of equity in making a decree to enforce it as modified, this court does not think the proof sustains the allegation.

3. MISTAKE MUST BE MUTUAL.—Rectification can only be had where both parties have executed an instrument under a common mistake and have done what neither of them intended. A mistake on one side may be ground for rescinding but not for correcting or rectifying an agre·ment.

4. STATEMENT.—Appellee contracted to build a store for appellants. He did not claim any mistake in drawing up the contract or that it did not express the mind and intention of both parties at the time it was made, but contended that before entering into the contract he made a mistake in the

estimate which he discovered after commencing work. *Held*, that before a court of equity could reform the written instrument entered into by the parties, the proof must show that the writing did not express what both parties intended it should. If appellants did not know of the mistake made by appellee in his estimates, at the time they signed the contract, it can not be said they intended to contract for the payment of a larger sum than that mentioned therein and if they were aware of it, the mistake, if any, was upon the part of appellee, and in that case was not mutual.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 16, 1883.

Mr. R. FISHER and Messrs. REED & DAVIDSON, for appellants; that a court will not reform a contract unless the mistake was that of both parties and the contract expresses that which neither of the parties intended, cited Coffing v. Taylor, 16 Ill. 472; Sutherland v. Sutherland, 69 Ill. 482; 1 Story on Eq. Jur. § 155; Dwight v. Pomeroy, 17 Mass. 303.

Of the degree of proof required: 1 Story on Eq. Jur. § 157; Sapp v. Phelps, 92 Ill. 594; Miner v. Hess, 47 Ill. 171.

Mr. W. G. CLOYD, for appellee; that a court will be disposed to grant relief where the mistake was induced by the misrepresentation of the other party or was perceived and taken advantage of by him, cited Kerr on Fraud and Mistake, 400, 401, 405, 406, 409, 414; Stillman v. Teeple, Saxton, 232; Bigelow v. Barr, 4 Ohio, 358; Williams v. Champion, 6 Ohio, 169; Sparks v. White, 7 Humph. 86; Lawrence v. Beaubier, 2 Bailey, 623; Lake on Contracts, 182; Brown v. Lamphew, 35 Vt. 252; Conner v. Henderson, 15 Mass. 319; McCormick v. Miller, 102 Ill. 208.

If the mind of the court is satisfied, the requirement as to the degree of proof is complied with: Gillespie v. Moon, 2 Johns. 585; Sharman v. Miller, 6 Md. 479; Tucker v. Madder, 44 Me. 206; Hillman v. Wright, 9 Ind. 126; Davidson v. Greer, 3 Sneed, 384; Ruffner v. McConnell, 17 Ill. 217.

McCULLOCH, J. This was a bill in equity to reform a building contract, and to establish and enforce a lien upon the

premises built upon. The contract provides that appellee was to purchase and furnish all the materials, and erect, in a workmanlike manner, a brick building upon the premises therein described, according to certain specifications thereto attached. Appellants were to pay for the same the sum of $2,929, as follows: the material was to be paid for by them as fast as it went into the building, to the parties furnishing the same, or to appellee, upon presentation of receipts that the same had been paid for, and after all such materials were paid for and the laborers satisfied, the balance, if any, was to be paid to appellee.

The specifications attached to the contract do not set out the price at which the several kinds of materials, entering into said building, were estimated or were to be paid for. It is further provided in the contract that, in case the number of brick used should exceed one hundred and thirty-one thousand wall measure, the appellants should pay the cost price of such excess over and above the contract price, and in case the quantity used should be less than that number, the cost price of such number should be deducted from the contract price.

There is no claim that there was any mistake made in drawing up the contract, or that it did not express the mind and intention of both parties at the time it was made. It is contended, however, that, before entering into the contract appellee, at the request of appellants, made out a specific list or bill of materials and labor that would be needed in the construction of the building, and that opposite each item in said list or bill was set down, as appellee believed, the true value on the basis of which each item was estimated, one of which items was for 131,000 bricks at $12 per thousand; that by mistake this item was carried out at $1,236 when the true sum was $1,572; that, by reason of this mistake, the aggregate cost of the building was estimated at $2,929.15 when the same ought to have been $3,265.15. There is no allegation in the bill, nor does the proof show, that at the time the contract was signed, appellants knew of the mistake alleged. The bill does in substance allege that, some time before the

signing of the contract, appellants had a copy of the estimates so furnished appellee, and it is further alleged that after commencing work upon the building appellee discovered the mistake, and upon calling the attention of appellant, Addison C. Douglas, to the same, the latter admitted the error and told appellee to go on and finish the building, and he would make it all right on the settlement. If the facts so alleged could, in any event, be regarded as a modification of the written contract, so as to justify a court of equity in making a decree to enforce it as so modified, we do not think in the present case the proof sustains the allegation.

Appellee testifies that when he called the attention of A. C. Douglass to the mistake and asked him what was to be done about it, he gave him his word of honor that he would correct it and that appellee would not sustain the loss of one dollar. Douglas testifies that about a month after the signing of the contract appellee came to him and said there was an error in the calculation of the amount necessary to put the brick in the wall, that his reply thereto was that he could not see any error in the case, as appellee stated it, and that for any excess for brick they had arranged that in their contract. This is all the evidence upon this point, and we do not deem it sufficient.

The rule as laid down by the Supreme Court in Sutherland v. Sutherland, 69 Ill. 481, is that where a party seeks to rectify a written instrument, on the ground of mistake, the evidence must be such as to leave no fair and reasonable doubt upon the mind, that the instrument does not embody the final intention of the parties. Kerr on Fraud and Mistake, 421. "Rectification can only be had where both parties have executed an instrument under a common mistake, and have done what neither of them intended. A mistake on one side may be ground for rescinding, but not for correcting or rectifying an agreement." Citing Kerr on Fraud and Mistake, 422; 1 Story's Eq. Juris. Sec. 152, et. seq.; Fry on Specific Performance of Contracts, Sec. 505. If appellants did not know of the mistake made by appellee in his estimates, at the time they signed the contract, it can not be said they intended to

contract for the payment of a larger sum than that mentioned therein. If they were aware of it, then the mistake, if any, was all on the part of the appellee. But in that case there is a want of mutuality in the mistake. Before a court of equity could reform it, the proof should show that the writing does not express what both parties intended it should.

If the alleged mistake had been discovered by appellants before the contract was signed, there is no knowing whether or not it ever would have been signed. They might have procured some other builder to do the work at a lower rate, or they might have concluded not to build at all. We can not see, therefore, that any contract, different from that expressed in the writing was ever intended between the parties, and having no power to make a contract for them, the court is powerless to enlarge the scope of its terms.

The court below rendered a decree reforming the contract according to the prayer of the bill and found due to appellee under the contract so reformed the sum of $528, which sum is made up of two items, to wit: $336 on account of the alleged mistake in the contract, and $192, for 16,000 bricks furnished by appellee over and above the number mentioned in the contract. For the reasons before stated, the court erred in allowing the first item. It appears from the decree that other creditors or sub-contractors are claiming a portion or all of the money yet due appellee under the contract, and inasmuch as they are entitled to be heard upon that question we deem it proper to reverse the decree *in toto* and to remand the cause for further proceedings in the court below in accordance with this opinion.

Decree reversed and remanded.