MARY McGRATH *vs.* JAMES S. O'BRIEN.

November 6, 1889.

**Justice's Court—Pleadings.**—An answer in justice's court considered, and *held* to be sufficient, under the well-settled rule that pleadings in justice's court must be construed with great liberality.

Action, brought in a justice's court in Ramsey county, in January, 1889, to recover the price of a suit of clothes ($45) sold by plaintiff to defendant "on or about October 1, 1883," the complaint also alleging that a note was given for the price and is still unpaid. The answer is as follows: "Defendant admits the purchase of a suit of clothes from McGrath & Co., but denies that any promissory note was given therefor at any time, whether as alleged in the complaint or otherwise. Defendant alleges that said goods were purchased in 1875, and that the statute of limitations has fully run against said indebtedness, which statute the defendant pleads in bar to this action. Therefore the defendant prays," etc.

Defendant appeals from a judgment of the municipal court of St. Paul, to which the plaintiff had appealed, on questions of law only, from the justice's judgment in favor of defendant.

*Fayette Marsh*, for appellant.

*O. H. Comfort*, for respondent.

*By the Court.* The plaintiff, against whom a judgment for costs had been rendered in the justice's court, appealed to the municipal court of the city of St. Paul, on questions of law alone. There the case was necessarily tried on the return of the justice, his judgment was reversed, and judgment ordered and entered against the defendant, who appeals.

We assume that the only question of law presented to the appellate court was the sufficiency or insufficiency of the answer. Fairly construed, it admitted the purchase of the goods mentioned in the complaint, but averred the purchase to have been in the year 1875, instead of in the year 1883, as claimed by plaintiff. It further alleged that the statute of limitations had fully run against the indebtedness,

pleading the statute in bar. The answer may not have peen perfect, but it was long ago settled in this court that the pleadings in justice's court must be construed with great liberality. We are of the opinion that the pleading in question was sufficient. It clearly indicated the defence. As defendant neglected to appear in municipal court, and there assert his rights, it is ordered that no statutory costs be allowed to him on this appeal.

Judgment reversed.

NOTE. A reargument of this case was denied November 14, 1889.