PETELER PORTABLE RAILWAY MANUFACTURING COMPANY v. NORTHWESTERN ADAMANT MANUFACTURING COMPANY.[1]

January 21, 1895.

No. 9134.

**Appeal—Inconsistent Positions—Verdict Sustained.**

Assignments of error as to the rulings of the court on the admission of evidence *considered and disposed of,* with reference to the fact that appellant must be bound on appeal by its attitude and position as to the nature of the action voluntarily taken on the trial. *Held,* that the evidence was ample to sustain a verdict in defendant's favor.

[1] Reported in 61 N. W. 1024.

Action in the district court for Hennepin county for damages caused by the fall of a factory building leased to defendant by plaintiff. At the trial the judge charged the jury that the action was not one on the lease, but to recover damages occasioned by the negligence of defendant. The jury returned a verdict for defendant. Appeal by plaintiff from an order of the court, Hicks, J., denying its motion for a new trial. Affirmed.

*Young, Fish & Dickinson,* for appellant.

*John H. Nickell,* for respondent.

COLLINS, J. Upon the trial of this case below, counsel for plaintiff (appellant), not the counsel now appearing, however, asserted, again and again, that it was not an action to recover upon the agreements contained in the lease, but was wholly in tort, based upon defendant's alleged negligence in overloading the floors of the building; thereby causing them to give way, and the walls to collapse. The rulings on the admission of testimony, excepted to by counsel, which we are now called on to review, were made with reference to this position as to the nature of the case, and that it was not an action upon contract. And the charge to the jury, to which the same counsel expressly stated they had no exceptions to take, was distinct and unequivocal upon the point. In fact, it would be difficult to find a case in which counsel more deliberately took a position as to its character as set forth in the complaint, or were more persistent in maintaining it, than the one now before us. The appellant is therefore bound by the record which it made as to the nature of the action. It cannot be allowed to try the cause as arising solely out of defendant's tort, inducing the trial court to accept its views,—thus compelling its adversary to meet its theory,—and then, in the exigencies of an appeal, shift position, that the rulings may be tested as if the action was on contract only. With the fact in mind that plaintiff's counsel are now precluded from adopting a theory radically inconsistent with that which they were successful in inducing the trial court to accept and rely upon, we will proceed to consider the assignments of error.

The first refers to the competency of plaintiff's witness Ludlum to give an expert opinion as to what caused the floors and walls to collapse. He was a brick mason by trade, and for years had been

a contractor for brick and stone work, and, as such contractor, had done the brick and stone work in the building in question. He was not a general builder or contractor, nor did he claim to have general knowledge as to the construction of buildings. The court below held that the witness lacked the necessary qualifications of an expert, and excluded his proposed opinion. The ruling could easily be sustained on the authority of Stevens v. City of Minneapolis, 42 Minn. 136, 43 N. W. 842, but it was strictly correct. The witness was not qualified to express an opinion on the matter concerning which he was interrogated, for that involved and required a knowledge of something more than brick or stone work. It demanded a knowledge of the general construction of a building composed in part of other materials than those with which the witness was familiar, and the evidence failed to disclose that he knew anything of the strength or manner in which these other materials should be used in building.

Very little need be said in disposing of the second assignment of error, for the argument of appellant's counsel is built up on the untenable proposition that its action was on contract upon the covenants of the lease. And, on the oral argument, counsel really admitted that the question propounded to the witness Root was unobjectionable, if the issue was as to defendant's negligence. We have stated that plaintiff cannot now say that the right to recover did not depend upon defendant's negligence, and hence further comment upon the ruling complained of is unnecessary.

The third assignment of error goes to the sufficiency of the evidence to sustain the verdict for defendant. We need not analyze the testimony, or point out minutely wherein it was ample to support the conclusion rendered by the jury. There is no reason whatever for urging that the evidence was insufficient to justify a finding that defendant was not negligent in its use of the rented building.

Order affirmed.