ANSELME BANCHAREL v. HENRY S. PATTERSON.[1]

May 20, 1896.

Nos. 9918—(132).

Reformation of Deed—Mistake.

By the terms of an executory contract the vendor agreed to convey more land than he subsequently conveyed by the deed made in fulfillment thereof. The executory contract expresses the agreement the vendee intended to make and supposed he had made. The deed expresses the contract the vendor intended to make, and supposed he had made. Both parties acted in good faith, and neither did anything to mislead the other. *Held,* the minds of the parties never met, and an action to reform the deed cannot be maintained; that the only equitable action which can be maintained is one for rescission.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial. Reversed.

*Allen & Baldwin,* for appellant.

*C. d'Autremont, Jr.,* for respondent.

CANTY, J. The defendant was the owner of a certain city lot in Duluth, on the front end of which the city had condemned a strip of land about 16 feet in width for the purpose of widening the street. Plaintiff purchased the property, and an executory agreement was drawn up and signed, by the terms of which defendant agreed to sell to plaintiff the lot according to the original

[1] Reported in 67 N. W. 356.

plat, which would include the strip so condemned. Shortly afterwards, the deed was made, delivered, and recorded, conveying only the portion of the lot remaining after the strip was so condemned. This action was afterwards brought to reform the deed, and plaintiff prays for a specific performance of the executory contract by compelling a conveyance of the whole lot, or for damages in case specific performance cannot be had.

On the trial the court found that the deed expressed the contract which defendant intended to make and supposed he had made, and that the executory agreement expressed the contract which plaintiff intended to make and supposed he had made; that before plaintiff purchased he saw the lot with the widened street in front of it all graded and improved, but that before receiving the executory agreement he examined an atlas showing the full lot as originally platted; that the abstract afterwards furnished him by defendant showed the same and nothing to indicate that there had been condemnation proceedings was ever recorded in the register's office, and that plaintiff knew nothing about the condemnation of the strip in question; "that at the time said contract was made and signed the defendant had forgotten said condemnation of said strip of land, and intended by said contract to sell said portion of said lot remaining after such condemnation proceedings in the condition it then was, and the plaintiff intended to purchase the same as it was shown upon the said Roe's Atlas, and as the same was originally platted, and supposing the same was of the depth shown by said plat in said atlas; that the delivery of said deed by the defendant to the plaintiff as a performance of said contract, and the acceptance thereof by the plaintiff as such, was done by the mutual mistake of facts of the parties hereto, or by the mistake of facts on the part of the plaintiff, and the mistake or unintentional concealment of facts on the part of the defendant, and there was no intent on the part of the defendant when he made said contract to mislead or defraud plaintiff in said transaction." The court further found that plaintiff was damaged in the sum of $250, and on these findings ordered judgment in his favor for that sum. Defendant appeals from an order denying a new trial.

It is plain from the findings that in fact the minds of the parties never met. Under the circumstances, rescission is the only equita-

ble relief which could be granted. 2 Pomeroy, Eq. Jur. § 870. That each party was mistaken as to the contract he thought he had made, when each thought he was making a different contract from what the other supposed he was, is not the kind of mutual mistake which equity will reform. "Equity has jurisdiction to reform written instruments in but two well-defined cases: (1) Where there is a mutual mistake,—that is, where there has been a meeting of minds, an agreement actually entered into,—but the contract, deed, settlement, or other instrument, in its written form does not express what was really intended by the parties thereto; and (2) where there has been a mistake of one party accompanied by fraud or other inequitable conduct of the remaining parties." 3 Pomeroy, Eq. Jur. § 1376. The executory contract is merged in the delivered and accepted deed, and has become functus officio. That the deed differs from the contract as to the amount of the land conveyed raises no presumption that the deed does not express the last or real intention of the parties, and it requires additional evidence to make out a case for reforming the deed. Whitney v. Smith, 33 Minn. 124, 22 N. W. 181, and cases cited. Under proper issues, the case becomes one for determining the real agreement of the parties, and if it is determined that their minds never met, and there never was any real agreement, that both have acted in good faith, and neither did anything to mislead the other, then there can be no reformation, and no damages can be awarded on the theory of reformation. This disposes of the case.

The order appealed from is reversed, and a new trial granted.