DWIGHT E. WOODBRIDGE v. JOSEPH SELLWOOD and Others.[1]

June 16, 1896.

Nos. 9907—(155).

### Action on Contract—Defense of Illegality—Pleading.

Where the illegality of a contract is relied upon as a defense, but does not appear by the plaintiff's complaint, it must be pleaded by the defendant's answer, showing such a state of facts that no recovery can be had thereon.

### Appeal—Review.

Issues of law or fact not passed upon by the trial court will not be decided by this court upon appeal.

### Prohibitory Statute—Proof of Applicability.

A party relying upon a prohibitory statute should prove affirmatively and distinctly the facts which render the prohibition applicable, and not leave them to mere inference.

[1] Reported in 67 N. W. 799.

**Appeal—Presumption.**

There being no settled case or bill of exceptions, it will be presumed that interest was allowed upon sufficient evidence.

Appeal by defendants from a judgment of the municipal court of Duluth in favor of plaintiff, entered in pursuance of the findings and order of Edson, J. Affirmed.

*McGiffert & McCaffrey*, for appellants.

*A. C. Finney* and *Fryberger & Johanson*, for respondent.

BUCK, J. The plaintiff sued to recover for services alleged to have been rendered for the defendants at their request. He alleges that the services were reasonably worth $150, and that in the performance thereof he necessarily expended the sum of $96. Upon these two amounts the defendants have paid the sum of $50. It appears that on January 21, 1894, some eight or ten persons, including these defendants, met at the Spalding Hotel, in the city of Duluth, and requested and employed this plaintiff to go to the city of Washington as the bearer of certain figures and statistics concerning the iron interests in and about the city of Duluth, and also to carry a petition, signed by citizens of said place and St. Louis county, respecting the tariff on iron ore, all of which was to be by plaintiff presented to the Minnesota delegation in congress. Plaintiff performed these services solely upon the request of said persons, and in accordance with the terms of his employment. The defendants refused to pay their share of such expenses and value of the services so rendered, and the plaintiff brought this action in the municipal court of Duluth, and recovered a judgment therefor in the sum of $190.88, including costs and interest from January 29, 1894. This appeal is from such judgment, and there is no settled case or bill of exceptions.

The allegations in the complaint are to the effect that plaintiff performed the services and made the expenditures at the request of defendants, and performed the services as requested; that defendants promised to pay plaintiff therefor, but had not done so, except the sum of $50. The answer is a general denial. It is a fair inference from the finding of facts by the trial court that the services so rendered by the plaintiff were performed on secular days of the week, although the court finds that the request to perform such services

was made on January 21, 1894. Although this court will take judicial notice that January 21, 1894, was Sunday, yet it does not take judicial notice that the validity or invalidity of a Sunday contract was an issue involved and litigated on the trial of the action. Such question is only necessarily considered when raised and determined by the trial court, and so appears from the record. The invalidity of the contract does not appear from the allegations of the complaint or answer, and the presumption is that the evidence sustained the findings of fact of the trial court upon the issues raised by the pleadings. Assuming it to be true that the request for the performance of the services was made on Sunday, yet the services were to be, and in fact were, rendered on secular days, and payment made in part therefor on such days, and the defendants nowhere in the court below assailed the contract as an invalid one. Nor did the trial court decide as to the validity of the Sunday negotiation of employment of plaintiff, and it does not appear that either party asked it so to decide. That question, for the first time, is raised in this court, not upon the allegations in the pleadings, nor upon the evidence, but upon the bare finding of the trial court that the request or contract was made January 21, 1894, which was Sunday.

Where the illegality of the contract is relied upon as a defense, but does not appear by the plaintiff's complaint, it must be pleaded by the defendants' answer, showing such a state of facts that no recovery can be had thereon. Maxwell, Code Pl. 445; Abbott, Tr. Ev. 789; Goss v. Austin, 11 Allen, 525. In the latter case it was held that illegality of a contract which is the subject of an action cannot be relied upon in defense, unless it appears by the declaration or is specially pleaded in the answer. It is familiar law that the statutory prohibition against Sunday contracts is grounded upon principles of public policy, and if the defendants were more conscientiously impressed with their duty to resist, upon such grounds, the enforcement of this contract, than their moral obligation to pay an honest indebtedness, they should have alleged in their answer the facts constituting such invalidity, and required a decision of the court upon it. From all that appears in the record, we may properly assume that the decision was based upon the validity of the contract, the allegations in the pleadings and evidence, as conceded by the de-

fendants. This being so, the question cannot for the first time be raised here.

In White v. Western Assur. Co., 52 Minn. 352, 54 N. W. 195, this court held that [2] "it is a rule that generally this court will not decide a cause upon an issue of fact or law not presented to and passed on by the trial court; and that, where it is unquestionable that the party tried his cause upon one theory, either of the facts or the law, in the court below, he will not be permitted to shift his ground, so as to present an entirely different theory here." It seems to us unquestionable that the defendant tried his case upon the issue of whether the contract was in fact made, and whether the services were performed thereunder, and that the decision of the trial court was based thereon. Upon the pleadings, we do not see how any other issue could have been tried. Certainly, if the defendant intended to defeat the recovery by plaintiff, he should not have left all the facts rendering the statutory prohibition applicable to mere inference. They should have been proven affirmatively and distinctly.

Upon the question of interest allowed by the trial court, amounting to about $15, which accrued before the commencement of the action, we do not find any evidence; and it is to be presumed that there was sufficient evidence to support the finding of the trial court in this respect, as every intendment is to be taken in favor of the regularity of the judgment appealed from, in the absence of apparent error.

In order to avoid misapprehension, we do not wish to be understood as impliedly conceding that since the adoption of the Penal Code, in 1885, a contract made on Sunday is for that reason invalid.

These views of the case render it unnecessary to decide any other question discussed by the respective counsel, and lead to an affirmance of the judgment. So ordered.

[2] At page 354.