THEODORE STREISSGUTH v. WILLIAM KROLL.[1]

May 29, 1902.

Nos. 12,986—(145).

**Delivery of Promissory Note.**

The delivery of a written instrument is one of intention, and, to constitute a complete delivery thereof, it must be made in a manner evincing an intention to part presently and unconditionally with all control over it, and thereby give it effect.

**Same—Evidence.**

Evidence considered, and *held* that it sustains the finding of the trial court that the promissory note here in question was never delivered.

Action in the district court for Sibley county to restrain the negotiation of a promissory note and to cancel the .same. The case was tried before Cadwell, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*F. C. Irwin,* for appellant.

*W. H. Leeman* and *P. A. Cosgrove,* for respondent.

START, C. J.

Action to restrain the negotiation of a promissory note signed by the plaintiff, and payable to the order of the defendant, and to cancel the same on the ground that it was never delivered.

The material facts found by the trial court are, in effect, these: The parties hereto entered into negotiations for the purchase by plaintiff from the defendant of a lot, which was in fact fifty feet in width, in the village of Arlington, in the county of Sibley, the title of record of which was then in a third party. Such negotiations were (as shown by the undisputed evidence) verbal, and from them the plaintiff expected and intended to receive a deed of the whole of the lot, but the defendant intended and expected to have conveyed to the plaintiff only the west forty-four and a half feet of the lot. The plaintiff agreed to give his promissory note to the defendant in the sum of $2,000, payable in three years, with

[1] Reported in 90 N. W. 577.

interest, for the lot, which the defendant was to cause to be conveyed to him by such third party. Thereafter, and on May 20, 1901, the defendant, at the store of the plaintiff, stated to him that he had the deed from such party to the plaintiff, according to their agreement, and laid it in front of the plaintiff on his desk, who, without examining the deed, wrote and signed a promissory note, payable to the order of defendant, for the amount agreed upon, and handed it to him, but no revenue stamp was placed upon the note. The plaintiff then immediately took up the deed and read it, and found that it conveyed only the west forty-four and a half feet of the lot. Upon making this discovery, he stated to the defendant that the deed did not convey to him all of the lot he had purchased, and for that reason he refused to accept the deed, tendered it back to the defendant, and demanded of him the return of the note. The defendant refused to receive the deed, and has ever since retained the note. The parties never agreed upon the description of the land which the defendant was to have conveyed to the plaintiff. Nor did the plaintiff ever deliver the note to the defendant. As a conclusion of law from these facts, the court directed that, upon his depositing the deed with the clerk of the court for the defendant, judgment be entered for the plaintiff decreeing that the note be delivered up to him by the defendant. A motion for a new trial was made by the defendant, and he appealed from an order denying it.

The first and second of the defendant's assignments of error are that the trial court erred in denying his motion for judgment on the pleadings and in denying his motion to dismiss the action. They are both based upon the proposition that it is not alleged in the complaint that the plaintiff offered to return the deed; hence the complaint does not state a cause of action. This action, however, is not one to rescind a contract for the purchase of land, but it is one to cancel a promissory note because it was never delivered to the defendant. Therefore it was not necessary to allege in the complaint an offer to return the deed. The plaintiff, however, without objection, introduced evidence showing that the deed was tendered to the defendant and the note demanded. The other assignments of error are to the effect that the facts found by the

trial court are not sustained by the evidence, and that such facts do not sustain the court's conclusion of law. It is obvious that the conclusion of law is sustained by the facts found, for, if the deed was never accepted, and the note never delivered to the defendant, equity will restrain its negotiation, and direct that it be delivered. 1 Pomeroy, Eq. Jur. § 221. The question, then, is whether the finding that the plaintiff neither accepted the deed nor delivered the note is sustained by the evidence.

The delivery of a written instrument is one of intention, and, to constitute a complete delivery thereof, it must be made in a manner evincing an intention to part presently and unconditionally with all control over the instrument, and thereby give it effect. To pass the title to real estate, the deed thereof must not only be delivered by the grantor, but there must be an acceptance, express or implied, by the grantee. 4 Am. & Eng. Enc. 202; Comer v. Baldwin, 16 Minn. 151 (172); Barnard v. Thurston, infra, page 343; McDonald v. Minnick, 147 Ill. 651, 35 N. E. 367.

We have considered the evidence with reference to the essentials of a valid delivery of a written instrument, and hold that it fairly sustains the finding of the trial court. It is to be noted that there never was any enforceable contract between the parties for the sale and purchase of the lot, unless the verbal negotiations between the parties were consummated by the acceptance of the deed and the delivery of the note in payment therefor. It is quite clear from the evidence that the plaintiff did not accept the deed nor deliver the note. The most that can be claimed from the evidence is that the note was submitted to the defendant for examination, and, if the deed was correct, and was accepted, the note was to be stamped, and the delivery thereof to become effective. When the note was handed to the defendant the plaintiff had not touched the deed, and had no personal knowledge of its contents; but, as soon as he took it up and read its contents, and discovered that it did not convey the whole of the lot which he understood he was purchasing, he refused to accept the deed.

Counsel for the defendant urges that a mistake of one of the parties to a contract resting wholly in his own mind as to the subject-matter of the contract is not, in the absence of fraud or

mistake, a ground for the rescission of the contract. Stong v. Lane, 66 Minn. 94, 68 N. W. 765. Abstractly, the proposition is correct, but it has no application to this case, which is not one for the rescission of contract.

Order affirmed.