FRANK H. DODD ET AL. V. JOHN KEMNITZ.

FILED OCTOBER 5, 1905. No. 13,917.

1. Oral Evidence: WRITTEN CONTRACT. The admission of oral evidence to explain the possession of and to prove that the delivery of a written contract was conditional, and that such delivery was not to become effective until the happening of some other event, is not a violation of the rule which would prohibit the introduction of oral evidence to contradict or vary the terms of the contract.

2. Contract: POSSESSION: PRESUMPTION. The possession of a written contract is *prima facie* evidence of its delivery, but the presumption of delivery arising from such possession may be explained or rebutted by oral evidence.

ERROR to the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Henry M. Kidder,* for plaintiffs in error.

*H. C. Maynard* and *George L. Loomis, contra.*

JACKSON, C.

The plaintiffs sued the defendant in the district court for Dodge county on a written contract for the purchase of one set of International Cyclopædia. The contract was signed John Kemnitz, Director. In the petition the plain-.

tiff set out the execution and delivery of the contract, the approval by the plaintiffs; that the books were shipped as directed; that they had performed all the conditions of the contract on their part to be performed; that the defendant had failed to accept, take and pay for the books, and prayed judgment for the amount of the purchase price. The defendant admitted the execution of the contract, but alleged that it had never been delivered; also alleged that the books were being purchased for a school district, of which he was director of the board; that the contract was conditionally delivered upon an agreement that it should not become effective until approved by other members of the school board; that it had never been approved, and for that reason he had refused to accept and pay for the books. It was proved without contradiction at the trial that the books were ordered by the defendant for the school district, as set out in his answer; that the defendant signed the contract and placed it in the hands of plaintiff's agent, under an oral agreement that if the contract was approved by another member of the board it should become effective, otherwise that it should not, and that the other member of the board referred to did not approve of the contract. At the close of the evidence the court directed a verdict for the defendant, and the plaintiffs prosecute error.

Several assignments of error are presented and discussed by counsel for plaintiffs. The only one, however, that it seems necessary to notice is the claim that the admission of oral evidence to prove the conditional delivery is a violation of the rule which prohibits the admission of oral evidence to vary or contradict the terms of a written contract, because if the trial court was correct in admitting oral evidence for the purpose stated, and the delivery was in fact conditional, and such condition had never been performed, the plaintiffs could not recover in any event, and all errors, if any, were without prejudice. It is the claim of plaintiffs that their possession of the contract in suit, the defendant having voluntarily placed it

in their possession, conclusively shows a delivery for all purposes. With that contention we do not agree. In *Gandy v. Estate of Bissell,* 72 Neb. 356, Mr. Justice SEDG-WICK, who delivered the opinion of the court, clearly demonstrates that the possession of a written agreement is *prima facie* evidence only of a delivery. This is in accord with the general rule. The delivery of a written instrument is one of intention, and to constitute a complete delivery thereof it must be made in a manner evincing an intention to part presently and unconditionally with all control over it, and thereby give it effect. *Streissguth v. Kroll,* 86 Minn. 325, 90 N. W. 577. A contract may be delivered subject to an oral condition or agreement that it shall not take effect until a future time, or until something else has been done that the parties have agreed upon, and in such case the instrument will have no operation until the condition or agreement has been performed, even if the delivery is made to the other party himself, and the giving of effect to the oral agreement or condition does not infringe the rule against admitting oral evidence to vary or contradict a written agreement. Story, Promissory Notes (7th ed.), note to sec. 56. As already stated, the evidence discloses without dispute that the delivery of the contract in suit was conditional, and that the condition imposed had never been met.

It is clear that the judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.