HENRY F. WESSEL v. JOHN GIGRICH.[1]

January 15, 1909.

Nos. 15,852—(64).

**Change of Theory—Review on Appeal.**

This action was tried and submitted to the jury upon the theory that it was an action for damages on account of fraudulent representations in inducing the plaintiff to purchase a certain mining lease. *Held*, whether the complaint states facts sufficient to constitute a cause of action for the recovery of money earned by defendant as the representative or agent of plaintiff is not before the court and is not decided.

[1] Reported in 119 N. W. 242.

**Judgment Notwithstanding Verdict.**

> The trial court held that the verdict could not be sustained for the reason that there was no evidence that plaintiff was damaged by reason of defendant's fraudulent representations, and ordered judgment for defendant notwithstanding the verdict. *Held*, in view of the character of the evidence, the trial court was not justified in directing judgment for defendant notwithstanding the verdict. Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266.

Action in the district court for Ramsey county to recover $500 damages for deceit in inducing plaintiff to purchase an interest in a mining lease. The case was tried before Olin B. Lewis, J., and a jury which rendered a verdict in favor of plaintiff for $485. From an order granting defendant's motion for judgment notwithstanding the verdict, plaintiff appealed. Reversed with leave to defendant to apply for a new trial.

*Harris Richardson* and *Harold C. Kerr*, for appellant.

*Kennedy & Van Sant*, for respondent.

LEWIS, J.

The complaint states that defendant represented to plaintiff that one Crowley was the owner of a certain mineral lease, and that Crowley was willing to sell the same for the sum of $2,000; that defendant, with the intent of cheating and defrauding plaintiff, represented that, if plaintiff would furnish $1,000, defendant would pay the other $1,-000, and that they would thus purchase the lease from Crowley and own it jointly—each an undivided one-half interest; that, relying on these representations, plaintiff paid defendant the sum of $1,000, and thereafter Crowley duly assigned the lease to appellant for the express consideration of $2,000, and subsequently plaintiff assigned to defendant a one-half interest therein; that in fact plaintiff purchased the entire mineral lease from Crowley for $1,000; "that said defendant promised and agreed to pay to said Crowley one-half of the purchase price for an assignment of said lease by said Crowley, and then and there intended to cheat and defraud said plaintiff, by making said plaintiff believe that he (said defendant) was paying $2,000 therefor, $1,-000 of the money of said plaintiff and $1,000 of the money of said defendant; and that in point of fact said plaintiff has paid the entire purchase price for said mineral lease and for an assignment thereof

from said Crowley, when under said agreement with said defendant he was to pay one-half thereof." There is also an allegation that, upon the discovery of the fraud, plaintiff made a demand upon defendant for a refund of the money of which he had been wrongfully deprived.

The trial court construed the complaint to state a cause of action for the recovery of damages for deceit, and submitted the cause to the jury upon that theory. The jury returned a verdict for plaintiff for $485, whereupon defendant moved for judgment notwithstanding the verdict, or for a new trial. The court denied the motion for a new trial, but granted the motion for judgment notwithstanding, upon the ground that there was no evidence to prove that plaintiff was damaged, conceding the evidence was ample to sustain the charge that he had been induced to purchase upon false representations. The court referred to the case of Stickney v. Jordan, 47 Minn. 262, 264, 49 N. W. 980, for the rule of damages, viz., the difference between what appellant was induced to part with and what he got, and held that there was no evidence that the lease was not worth the amount paid for it, and hence there was no foundation upon which the damages could be estimated. Plaintiff claims this order should be reversed upon the ground that the real cause of action upon which he relies is not one of deceit, but is one to recover the amount which defendant made out of the transaction, viz., the sum of $450, with interest, while acting as the representative, or agent, of plaintiff; that is to say, plaintiff paid defendant the sum of $1,000 upon the supposition that one-half interest in the lease would cost that amount, when in fact it was only $500; hence respondent must account for the balance of the money.

The record shows that this position was not taken in the court below. The action was tried throughout upon the theory of recovering damages for the fraud practiced, and it is clear that the trial court so considered it, and consequently submitted the case to the jury to assess damages accordingly, and the order granting the motion for judgment notwithstanding was entered upon that understanding of the case. Under such circumstances, we are not called upon at this time to determine whether or not the complaint states facts sufficient to permit a recovery upon the ground of agency now urged. But, considering the confidential relation evidently existing between

the parties, the plaintiff should not be foreclosed, if there is any probability that the missing evidence may be supplied upon a new trial. Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958. Granting, therefore, that the evidence is silent as to the value of the mineral lease, and that there are not sufficient data upon which to estimate damages, we do not think the failure to produce that evidence was sufficient ground upon which to order judgment notwithstanding the verdict.

Order reversed, with leave to defendant to apply for a new trial. Kreatz v. St. Cloud School District, 79 Minn. 14, 81 N. W. 533.