# FLETCHER W. PENHALL v. MINNESOTA STATE MEDICAL ASSOCIATION.[1]

July 10, 1914.

Nos. 18,547—(86).

**By-laws relating to defense of members.**

1. Defendant's by-laws relating to defense of members against malpractice claims construed and *held* applicable to claims arising prior to their adoption.

**Same.**

2. Subject to specified conditions, such by-laws imposed upon the association a legal obligation in the premises.

**Second notice unnecessary after one refusal.**

3. Plaintiff, having made due application to defendant's secretary for assistance, as prescribed in the by-laws, was not required to apply to its council; nor was it necessary for him to give notice of a second action on the same claim after defendant's refusal to consider his demand .with reference to the first, which was dismissed.

**Change of theory upon appeal.**

4. Defendant having based its refusal of assistance entirely on grounds not involving the merits of the claim against plaintiff, and the case having been tried and determined solely on such grounds, the question of burden of pleading and proof upon an issue as to whether the character of the claim was such as to entitle plaintiff to assistance from defendant, was .not properly open in this court.

**Burden of proving defense.**

5. Under section 1 of defendant's by-laws, entitling members to assistance against malpractice claims on prescribed conditions, and section 2 making it the duty of defendant's council to investigate, and, if possible, adjust such claim, "and, if in their judgment an adjustment is imposible, or the claim is unjust, or the damage sought is excessive," to tender aid, etc., the burden of pleading and proving that a demand for aid thereunder involved a claim upon which the member was not entitled to aid was upon the association.

[1] Reported in 148 N. W. 472.

Action in the district court for Renville county to recover from defendant association the sum of $631.02, the amount necessarily expended by plaintiff in connection with an action against plaintiff for malpractice. The answer, among other matters, denied any knowledge on the part of defendant concerning the action for malpractice. The reply alleged the delivery to defendant's secretary of the summons and complaint as soon as they were served upon plaintiff. The action was tried upon a stipulation of facts before Catlin, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*John A. Dalzell* and *Daly & Barnard,* for appellant.
*Durment, Moore & Oppenheimer,* for respondent.

PHILIP E. BROWN, J.

Appeal by plaintiff from a judgment rendered in defendant's favor after trial to the court alone, in an action to recover moneys expended by the former for counsel fees, etc., in defending a malpractice suit, the defense of which the former claimed the latter was obligated under its laws to conduct.

The findings here material are unchallenged and as follows: Plaintiff, a physician, was a member of defendant corporation at all times mentioned. Its purpose was, among other things, "to guard and foster the material interests of its members and to protect them against imposition." On April 1, 1910, it adopted by-laws, the pertinent portions whereof are:

"CHAPTER XI—Medical defense.

"Section 1. * * * members * * * shall be entitled, on conditions hereinafter specified, to receive, without personal expense therefor, legal advice and court service of an attorney or attorneys-at-law in the employ of the association, witness fees for the purposes of conducting their defense in any court in this state, when they are accused of malpractice, * * * .

"Section 2. It shall be the duty of the council, severally or col-

lectively, to investigate all claims of malpractice against members, to adjust such claims in accordance with equity when possible, and, if in their judgment an adjustment is impossible, or the claim is unjust, or the damage sought is excessive, to tender such help, aid, and counsel as they may see fit.  They shall be empowered to contract with a member of the bar of Minnesota as legal counsel of this association.

"Section 3.  The council shall make an annual report to the house of delegates, at the annual meeting for the year previous ending March 31st.  This report shall contain an enumeration of all suits or threatened suits for malpractice against members of the  *  *  * association, which have been properly presented to them for action.

"Section 4.  The legal services herein provided for shall be granted only on the following conditions:  First.  Any  *  *  * member desiring to apply for malpractice defense hereby provided, shall immediately upon receipt thereof send to the secretary of the  *  *  * association, any letter, process of court, or other evidence of threatened litigation in connection with such malpractice case.  Second. It shall be the duty of the secretary to  *  *  *  forthwith send to such council the papers received from the applicant for defense and such secretary shall forthwith return to the applicant  *  *  *  a formal application for defense, containing authority for the said association through its attorney to defend the action and granting to the association and its attorney sole power to conduct the defense thereof, and agreeing not to compromise or settle said claim for damages for said alleged malpractice without the consent of the *  *  * association or its attorney.  The said applicant shall furnish and return to the secretary with his application duly executed, a full, accurate, and complete history of his treatment of the case out of which the alleged malpractice arose, giving dates, names of witnesses, nurses, and other attendants, all of which information shall, upon its receipt by him, be forwarded by the secretary  *  *  * to the council of the association.  *  *  *  Fifth.  The  *  *  * association will assume the defense in a suit for malpractice against a member only when the cause for the alleged malpractice occurred subsequent to the date on which the member joined the association.

Sixth. This chapter shall be in force * * * after April 1st, 1910
* * * "

On October 15, 1910, an action to recover $25,000 damages for malpractice, alleged to have occurred August 5, 1909, was commenced against plaintiff, who thereafter immediately presented the summons and complaint served upon him therein to defendant's secretary and demanded that it proceed in accordance with its by-laws and assume the defense. This officer declined to take the papers, declaring that, as the alleged malpractice occurred prior to the adoption of the by-laws quoted, it was not within them, and the association was not thereunder required to defend the action. He also then informed plaintiff that he could see defendant's legal adviser, but on plaintiff's application that official declined to take the defense as attorney for the association. Later, after dismissal of the malpractice action, another based on the same claim and for damages in the same amount was commenced, in defense whereof this plaintiff incurred the expenses here sued for. Defendant, however, had no notice of the second action until after its determination.

1. Defendant's officers were mistaken in assuming that the by-laws did not cover claims arising prior to their adoption, for the only exception therein relates to causes of action antedating membership in the association, and none other can be implied.

2. Neither can the by-laws be construed as not imposing any duty or obligation on defendant's part to defend suits against members. The purposes of the corporation and the tenor of the by-laws, taken as a whole, lead to the opposite conclusion, otherwise the latter would be practically ineffective of beneficial results to members. Though section 2, read alone, gives color to defendant's position, the other sections must be considered therewith, and these unequivocally entitle members to action by the secretary on presentation of the claim, and thereafter to investigation and, if possible, adjustment by the association, and also, in a proper case and, as expressed in the by-laws, "on conditions" thereinafter specified, "to receive without personal expense therefor," the service and expenses stated. Going down through the by-laws, we find that the conditions referred to merely require presentation of the papers in the litigation to the

secretary, and after performance of certain ministerial duties on his part, the obligation devolves upon defendant's council to investigate the claim made against the member, to adjust it if possible, and, otherwise, to proceed further if it is unjust or the damages demanded are excessive. Kelly v. Ancient Order H. Life Ins. Fund, 113 Minn. 355, 129 N. W. 846. We find no warrant for the assumption that section 2 authorizes the council to dispose of the rights conferred upon mere caprice or arbitrary discretion.

3. The by-laws required plaintiff to deal with the secretary, and he was not required to apply to the council. Nor was it necessary for him to give notice of the second action after defendant's refusal to consider his demand with reference to the first. Butler Brothers v. American Fidelity Co. 120 Minn. 155, 163, 139 N. W. 355, 44 L.R.A. (N.S.) 609.

4. It is apparent, then, that plaintiff complied with all precedent conditions, and defendant's liability for his expenditures would seem to follow from its failure to investigate and, if possible, to adjust the claim against him. It is now urged, however, that he should have gone further and established on the trial that the claim was of such character that, had defendant investigated the same, it would have been bound to furnish the assistance provided for by its laws. This contention cannot be sustained. Defendant's refusal to act was based solely on grounds not involving the merits of the claim against plaintiff. Furthermore, no such question as that now raised appears to have been presented to or passed upon by the trial court, the parties evidently assuming it to be irrelevant to such extent that it was suggested only inferentially in defendant's original brief in this court, and on the oral argument plaintiff's counsel stated, without contradiction, that plaintiff prevailed in the litigation. Familiar principles preclude defendant from shifting its position from grounds of absolute denial of liability in any event, to one of essentially remedial character, after plaintiff has conformed his case to the former and the cause has thus far been litigated solely thereon.

But these considerations aside, and assuming a case wherein after due investigation the judgment of the council is that adjustment is impossible, the claim is just, and the damages sought are not exces-

sive, so that the association is relieved of obligation to assist the member further, whose duty is it to plead and prove such facts? Otherwise stated the question is whether section 2 superimposes a condition precedent upon the obligation created by section 1, or annexes thereto a condition subsequent upon occurrence of which such obligation ceases? If the former the burden is on the member, if the latter on the association. Root v. Childs, 68 Minn. 142, 146, 70 N. W. 1087. In our opinion the situation presents a condition subsequent; for the council must investigate and, if possible, adjust in all cases, and may refuse financial aid only when "in their judgment" adjustment is impossible, the claim is just, and the damages are not excessive. Furthermore, the conditions under which the association owes no duty must necessarily be within its own knowledge rather than that of the member. Therefore, in litigation wherein they are relied on as defense, they should come from it. Defenses need not be negatived. 2 Dunnell, Minn. Dig. § 7535. The correctness of this proposition is particularly apparent in the present case, where neither investigation nor attempt to adjust was made. Plaintiff could not allege or prove what the council's judgment after investigation would have been, nor the result of an attempt to adjust. At most the only pertinent issue in this regard would have been whether defendant's performance of its duty would have proved futile to plaintiff, and the former had the burden thereon in both pleading and proof.

Judgment reversed.

HALLAM, J. (dissenting.)

I dissent. It appears to me plaintiff has neither pleaded nor proved a cause of action. He was sued in malpractice and his claim is that defendant was, under its by-laws, obliged to defray the defense of the suit. I agree that the obligation devolved upon defendant's council to investigate the claim made against plaintiff and to adjust it if possible, and, otherwise, to defend the suit if it was unjust or the damages demanded were excessive. I agree to the further proposition that the council could not dispose of the rights conferred upon mere caprice or arbitrary discretion. Defendant is obliged to defend

a case not adjustable, if the facts fairly warranted the conclusion. that the claim is unjust or the damages claimed excessive.

I do not agree with the majority of the court as to the effect to be given to defendant's denial of liability on this claim. The position of the majority of the court is that: "Defendant's liability for his (plaintiff's) expenditures would seem to follow from its failure to investigate, and, if possible, to adjust the claim against him." The by-law does not say defendant shall pay all expenses of defense of malpractice suits which it does not investigate. The denial of liability upon a claim, or the failure to investigate it as a contract or by-law may require, has never been held to establish the validity of the claim. The undoubted purpose of the by-law is to provide for the defense of malpractice suits against members, if they are unjust or the damages claimed are excessive or an equitable adjustment is not practicable. The examination of the claim by defendant's council is merely a means by which the fact of liability of the defendant was to be determined. If the defendant denies liability and accordingly does not investigate, this relieves the plaintiff of the necessity of further compliance with the by-laws as to its presentation, but it does not enlarge his rights. It gave plaintiff no right to recover the cost of making his malpractice defense except in a meritorious case. Hoffman v. Michigan Home & Hospital Assn. 128 Mich. 323, 326, 87 N. W. 265, 54 L.R.A. 746. If he sues under such circumstances, he is of course not obliged to prove that the defendant's council would have approved his claim for defense, but he is obliged to prove that his claim is one they were in duty bound to approve.

The case is much like one where a party is required to perform a contract or do some act subject to a reasonable approval or satisfaction of the other party. In such case the refusal of the other to examine or approve, even through bad faith, still leaves the party asserting a claim with the burden of proving that he has earned such approval.

In Bowery National Bank v. Mayor, 63 N. Y. 336, certain public work was to be done subject to the approval of the water purveyor. The contractor fully performed his contract, but the water purveyor refused to give his certificate. The court held that it was necessary "either to prove upon the trial the making of such certificate by him,

or to show that it was refused unreasonably, or in bad faith. It was unreasonable to refuse it, if it ought, in the contemplation of the contract, to have been given  *  *  *  when, in very fact and beyond all pretense of dispute, the state of things existed, to which the water purveyor was to certify, to wit, the full completion of the contract in each and every one of its stipulations."

In Russell v. Allerton, 108 N. Y. 288, 15 N. E. 391, a clause in a charter party read: "Charterers to approve the ventilation." It was held that this did not leave the subject of ventilation of a ship to the absolute, unreasonable, and arbitrary decision of the charterer, but that it became a question of fact for the jury to say whether the refusal to load was or was not, under all the circumstances, unreasonable. "Upon such an issue, the evidence that the refusal to load was unreasonable should be clear and convincing; or, in other words, it should be clearly made out to the entire satisfaction of the jury that the ship was properly and sufficiently ventilated for the purpose of carrying live cattle when the defendant refused to load. It would not be necessary, however, to go so far as to show that the defendant's refusal was in actual bad faith."

The majority opinion says that the defendant is precluded from shifting its position from ground of denial of liability to one of essentially remedial character after plaintiff has conformed his case to the former. It is never a shifting of position to assert that plaintiff has not stated or proved a cause of action. When issues in this case were formed, plaintiff took the position that defendant must defend all malpractice cases whether just or not, and defendant took the position that it was not required to defend any, where the malpractice arose before the by-law was passed. Both acted in good faith. Under neither contention would the character of the claim have been material, and neither party offered proof on this point. This court does not fully agree with either plaintiff or defendant. It agrees with plaintiff that the by-law is applicable to malpractice cases where the alleged malpractice accrued before the by-law was passed, if the malpractice suit was brought later, but, contrary to the contention of plaintiff, it holds that the by-law does not obligate the defendant to defend its members against just claims for malpractice, when the

damages sought are not excessive. This being the law, the character of the malpractice becomes material, and the question whether the malpractice claim was a just claim against this plaintiff becomes a vital question in the case.

Now, the fact is, there is not a syllable in the record to indicate the character or merit of the malpractice case, nor as to its outcome, nor are there any facts from which the court can determine whether or not the case was one which defendant was under obligation to defend. It seems to me the burden was on the plaintiff to prove that his case was one which defendant was called upon to defend. The burden was upon him to prove the validity of his demand against the association, and not upon the association to prove its invalidity. When a plaintiff demands money of a defendant in a lawsuit, it is incumbent upon him to prove himself entitled to it. Before he can recover damages for defendant's refusal to defend his lawsuit, it is incumbent on him to prove that the lawsuit was such a one as the defendant was under obligation to defend.

The majority opinion holds that the adverse determination of the council is "a condition subsequent upon occurrence of which [the] obligation ceases." It appears to me that there are here none of the essentials of a condition subsequent. Certain clearly-defined facts are essential to bring the case within the protection of the by-laws and to give rise to any cause of action. Proof of such facts is indispensable to a cause of action. See Knutzen v. National Livestock Ins. Co. 108 Minn. 163, 121 N. W. 632. See also Finn v. Modern Brotherhood of America, 118 Minn. 307, 136 N. W. 850.

Insurance contracts often contain a requirement that the insured shall submit his claim to arbitration. In such cases the denial of liability by the insurer or its refusal to arbitrate permits the insured to sue without compliance with the provision, but such conduct is not an admission of liability, and it does not impose on the insurer the burden of proving the injustice of the claim. A similar principle is applicable here. Plaintiff, having failed to prove facts establishing defendant's liability, cannot recover.