## BAAS v. ZINKE.

1. COMPROMISE AND SETTLEMENT—SETTLEMENTS FAVORED AT LAW AND IN EQUITY.

Settlement of family difficulties or controversies arising out of the distribution of estates is favored both at law and in equity, if at all reasonable and entered into understandingly.

2. SAME—TERMINATION OF A WILL CONTEST SUFFICIENT CONSIDERATION.

The termination of the controversy or a promise to forbear the contest of a will is a valid and sufficient consideration for such an agreement.

3. SAME—MAY BE SET ASIDE FOR FRAUD.

Such a settlement will, however, be set aside where there is affirmative proof that it was procured by fraud.

4. FRAUD—NOT PRESUMED—BURDEN OF PROOF.

Fraud is not lightly to be presumed, and the burden is on those alleging it to prove it.

5. MISTAKE—CONTRACTS—REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE.

Ordinarily, in order to entitle a party to relief by way of reformation of a contract on the ground of mistake, it must appear to have been mutual.

6. SAME—FAILURE OF MEETING OF MINDS DUE TO MISTAKE GROUND FOR RESCISSION.

A mistake of one party of such a character that the minds of the parties cannot be said to have met, if clearly established, is ground for rescission, in equity.

7. FRAUD—CONTRACTS—EVIDENCE—SUFFICIENCY.

In a suit to set aside an agreement regarding the probate of a will and certain conveyances executed pursuant thereto, the charge of fraud therein, *held*, not sustained by the proofs.

8. MISTAKE—CONTRACTS—EVIDENCE—SUFFICIENCY.

Where plaintiff's claim that he signed said agreement

On relief from mistake of law as to effect of instrument, see note in 28 L. R. A. (N. S.) 785.

On effect of mistake as to legal rights, as affecting compromise and settlement, see note in 28 L. R. A. (N. S.) 841.

On compromise and settlement of controversy over will as changing nature of interest or estate under will, see note in 5 A. L. R. 1384.

under a mistake is largely based upon the allegation that it was not read over to or understood by him, but the record is very convincing that said agreement and conveyances were all read over and carefully explained to him by the attorney who drew them, and it is not apparent from the proofs that any advantage was taken of him, the decree dismissing the bill will be affirmed.

Appeal from Ottawa; Cross (Orien S.), J. Submitted April 11, 1922. (Docket No. 48.) Decided June 5, 1922.

Bill by Nick Baas and others against Kate Zinke and others to set aside an agreement regarding the probate of a will, and certain conveyances made pursuant to such agreement. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Charles E. Misner,* for plaintiffs.
*Diekema, Kollen & Ten Cate,* for defendants.

SHARPE, J. The parties are the heirs at law of Johanna Baas, who died at the city of Holland in Ottawa county on January 29, 1917, leaving a last will and testament. Objections to the probate of the will were filed by the defendants. Pending the hearing, a conference of all the parties was arranged for by the plaintiff Nick Baas. It was held on March 31, 1917, in the office of Diekema, Kollen & Ten Cate, the attorneys who had filed the objections on behalf of the defendants. Derk J. Te Roller, who had drawn the will and was named as executor therein, was present at Nick's request. The conference lasted several hours. Mr. Kollen (since deceased) and Mr. Ten Cate took part in the discussion. An agreement was finally reached, reduced to writing by Mr. Kollen, and the several conveyances necessary to give it effect prepared by him, and all were executed and delivered in conformity therewith. The objections to the will were then withdrawn and it was admitted to probate.

On March 16, 1920, nearly three years later, this bill of complaint was filed to set aside this agreement and these conveyances. It is alleged that their execution by Nick Baas was procured—

"through fraud, deceit and misrepresentation and mistake, practiced upon him by the defendants; that he is uneducated and unable to read, write or understand the English language to a very great extent; that he entered into said contract on the understanding and agreement by said defendants that he would receive a deed from them of their interest"—

in certain property owned by the testatrix at the time of her death.

The trial court found that:

"These instruments were all read over and explained to the several parties and were fully understood by them at the time the same were executed,"

and dismissed the bill of complaint. The plaintiffs appeal. It is their claim that the settlement gave the defendants "an inequitable or unconscionable advantage over the plaintiffs," that it was made under a "mutual mistake of fact," and "does not represent the true intent of the parties."

Settlement of family difficulties or controversies arising out of the distribution of estates are favored, both at law and in equity, if at all reasonable and entered into understandingly. The termination of the controversy or a promise to forbear the contest of a will is a valid and sufficient consideration for such an agreement. *Conklin* v. *Conklin*, 165 Mich. 571, 580; *Layer* v. *Layer*, 184 Mich. 663, 671. Such a settlement will, however, be set aside where there is affirmative proof that it was procured by fraud. But fraud is not lightly to be presumed, and the burden is on those alleging it to prove it. *Donnelly* v. *Lyons*, 173 Mich. 515; *A., E. Wood & Co.* v. *Standard Drug Store*, 192 Mich. 453; *Torrent* v. *Torrent, ante*, 381. Ordinarily, in order to entitle a party to relief by way of

reformation of a contract on the ground of mistake, it must appear to have been mutual. *Schlossman* v. *Rouse,* 197 Mich. 399. But a mistake of one party of such a character that the minds of the parties cannot be said to have met, if clearly established, is ground for rescission in equity, *McGraw* v. *Muma,* 164 Mich. 117; *Sutherland* v. *Sutherland,* 69 Ill. 481; *Dulany* v. *Rogers,* 50 Md. 524; *Douglas* v. *Grant,* 12 Ill. App. 273; *Bancharel* v. *Patterson,* 64 Minn. 454 (67 N. W. 356). See, also, note to *Dolvin* v. *American Harrow Co.,* 28 L. R. A. (N. S.) 785 (125 Ga. 699, 54 S. E. 706), and 12 C. J. p. 350 *et seq.*

There is no proof sustaining the charge of fraud. The claim of mistake is based on the allegation that the settlement agreement was not read over to or understood by the plaintiffs and is said to be supported by the fact that under it Nick Baas would not receive a fair share of the estate, though he was the principal beneficiary under the will. The record is very convincing that the written instruments were all read over and carefully explained by Mr. Kollen, both in English and in Dutch, before their execution. It is not apparent from the proofs that any advantage was taken of the plaintiffs. There is no evidence of the values of the respective properties and no comparison of the rights conveyed or surrendered can be fairly made. The delay of the plaintiffs in seeking relief is not satisfactorily explained. In the meantime, the defendants withdrew their objections to the probate of the will and some of them made substantial improvements in reliance on the conveyances. We feel constrained to agree with the conclusion reached by the trial court.

The decree dismissing the bill is affirmed, with costs to defendants.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.