SEXTUS N. WILCOX v. FREDERICK E. MATTHEWS.

*Partnership—Lien of partner as against prior mortgage.*

*It seems* that an agreement to carry on business and receive half the profits,
does not make one a partner.

A partner has a lien on the firm property as against a chattel mortgage
given before he joined the firm.

Evidence that an arrangement for carrying on business for a share of the
profits was entered into under an advertisement for a partner, tends
to show a partnership.

Error to Newaygo.   Submitted June 17.   Decided June 23.

REPLEVIN.   Plaintiff brings error.   Reversed.

*William D. Fuller* for plaintiff in error.

*Smith, Nims, Hoyt & Erwin* for defendant in error.

CAMPBELL, J.   Wilcox, under title derived from a chattel
mortgage executed to him by the Sextus N. Wilcox Lumber-
ing Company, replevied certain goods from the defendant
who was in possession under an agreement with the company
whereby he was entitled to half the profits of carrying on the
business.   There was a dispute concerning the fact of part-
nership.   The court charged the jury that defendant would
have a lien on the property even though there was no part-
nership, and he recovered judgment for the amount of it.

There is no doubt if he was a partner he had a lien for his
claim.   On the testimony, which showed the arrangement

was made under an advertisement for a partner, the jury might have found that relation. But if he was not a partner he was in the position of any clerk or agent whose wages are measured by profits; and no authority has been cited showing that a lien exists in such cases. The case was put to the jury too strongly.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.