THEODORE HAEBLER and Another v. M. O. LUTTGEN.[1]

June 7, 1895.

Nos. 9550—(172).

**Factors—Lien for Advances.**

No express agreement is necessary to give a factor or commission merchant a lien upon the goods in his hands for advances and expenditures made by him in the business of his agency, or connected with the goods consigned to him. The lien arises from an agreement which the law implies. Hence, although the contract between him and his principal is in writing, and contains no express agreement to that effect, he is, nevertheless, entitled to a lien, provided the written contract contains no special agreement inconsistent with the existence of such lien.

Appeal by defendant from an order of the district court for Hennepin county, Hicks, J., denying a motion for a new trial after a verdict directed by the court in favor of plaintiffs. Reversed.

Exhibit A, referred to in opinion, was as follows:

"New York, 4th June, 1891.

"In consideration of one dollar paid, it is hereby agreed between the undersigned, Haebler & Company, of New York, and M. O. Luttgen, of Minneapolis, that Haebler & Company ship to M. O. Luttgen, as their agent, Schifferdecker German Portland cement, under the following conditions, namely: First, that the price for the Schifferdecker cement during the season is to be $2.35 per barrel, f. o. b. New York, for the cement to be used in the curbing contract on basis of sixty days from date of delivery in Minneapolis, or $2.37 per barrel, f. o. b. New York, for all other business on basis of

[1] Reported in 63 N. W. 720.

three months from date of shipment in New York; second, that M. O. Luttgen is to receive for his labor and attention all what he obtains above the above-named prices; third, that Haebler & Company are to bill the cement to M. O. Luttgen, and that M. O. Luttgen sells the cement as such agent for Haebler & Company, and bills the cement to his customers as such agent; fourth, that M. O. Luttgen turns over such remittances as he receives for the cement, upon receipt of same, to Haebler & Company, as whose agent he sells, bills, and delivers the cement; fifth, that Haebler & Company will not sell the Schifferdecker cement to any other house in St. Paul and Minneapolis than M. O. Luttgen may name, as the latter is to be their sole representative (this excludes the option given to the Union Railway Supply Company, which, however, Haebler & Company will only fill if they are compelled to do so); sixth, that M. O. Luttgen is to sell on the above conditions a minimum quantity of 4,000 barrels during the season, and as much more as he can dispose and as Haebler & Company can deliver. In witness whereof, we have hereunto set our hands and seals.

> "Haebler & Company.
> "M. O. Luttgen."

*Albee Smith*, for appellant.

*C. R. Cameron*, for respondents.

MITCHELL, J. This was an action of claim and delivery, the complaint alleging generally that the plaintiffs were the owners and entitled to the possession of the property which the defendant wrongfully withheld. The answer, as amended on the trial, admitted plaintiffs' general ownership of the property, but alleged that defendant had received it from them under a written contract (Exhibit A), as their agent to sell on commission; that he had advanced and paid the freight on it from New York to Minneapolis, and, at the request of plaintiffs, had paid insurance on it, and had performed services in storing the property in his warehouse, amounting in all to $480, for which he claimed a lien. The reply was a general denial.

The written contract having been introduced in evidence, the court, on plaintiffs' motion, excluded all other evidence tending to establish defendant's lien as incompetent, irrelevant, and immate-

rial under the pleadings. The record does not distinctly disclose the precise ground upon which the court excluded the evidence, but we infer that it was that parol evidence was inadmissible to vary a written contract; and, inasmuch as the contract did not expressly provide that the defendant should have a lien, therefore parol evidence was inadmissible to prove the existence of one. In this the court clearly erred. The rule of evidence referred to has no application to the case.

The contract shows that defendant received and held the property for sale as a factor or commission merchant; that is, as agent of the plaintiff to sell the property for a compensation or commission. No express agreement for a lien for his advances on account of the property consigned to him was necessary. The lien arises upon an agreement which the law implies. It is true that defendant's compensation was to be received from the proceeds of the sale of the property, and that the amount of it was dependent upon the prices at which the property was sold. But this does not alter the case. There is nothing in the written contract inconsistent with the existence of a lien, or implying that, after defendant had received the property and made advances or expended money in the business of his agency in connection with the property, plaintiffs might, without any default on his part, arbitrarily retake the goods, and deprive him of both his right to a lien and to make a sale.

In his brief, counsel for plaintiffs now concedes that the law gave defendant a lien for such advances or charges as were necessarily made or incurred in connection with the property, but insists that this right of lien had been terminated or forfeited by reason of his default in the performance of the terms of the contract in not selling the property within the time required, and in not selling the amount of property stipulated for. It is sufficient answer to this to say that no such question was even suggested either in the pleadings or upon the trial. If, for any reason, defendant's right to a lien had been forfeited, the plaintiffs should have alleged it in their reply, and proved it.

Order reversed.