(10 App. Div. 563.)

### MERRITT v. PEIRANO.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

1. RES JUDICATA—AGREEMENT FOR STORAGE.
   Judgment for P. in an action against M. for storage of wood put by M. on land of P. by his permission is conclusive, in an action by M. against P. for conversion of the wood, that the storage was not to be gratuitous.

2. SAME—CONVERSION.
   Such judgment, however, is not conclusive that P. did not convert the wood, by refusing to allow M. to remove it before paying the amount demanded by him for storage; the record of the action in which the judgment was rendered not showing that the wood was delivered into the personal custody and possession of P.

**8. LIEN—FOR STORAGE.**
    One who permits another to store wood on his land has no lien thereon for
    the compensation therefor.

Appeal from circuit court, Westchester county.

Action by John L. Merritt against John B. Peirano. From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James B. Lockwood, for appellant.
Charles Haines, for respondent.

CULLEN, J. The plaintiff, with the consent of the defendant, placed a quantity of wood upon the latter's land. The plaintiff testified that the defendant told him he might do so without charge. Some two months later, the plaintiff sought to take the wood, when the defendant presented to him a bill for $240, for storage of the wood, and refused to allow the plaintiff to remove the wood until he paid the amount of this demand. The plaintiff thereupon abandoned the wood to the defendant, and brought this action for its conversion. After the commencement of this action, the defendant sued the plaintiff in the court of a justice of the peace to recover $200, for storage of the wood for two months. The defendant recovered judgment before the justice for the sum claimed. The case was appealed to the county court, where a new trial was had, and the defendant recovered a verdict for the sum of one dollar, for which sum, with costs, judgment was subsequently entered. On the trial of this action, the only testimony as to the agreement or terms upon which the wood was deposited on the defendant's land was that of the plaintiff, already recited. The defendant placed in evidence the record of the action commenced before the justice of the peace. At the close of the case, the defendant requested the court to direct a verdict in his favor, on the ground that the judgment in the justice's action was a conclusive adjudication in his favor, on the issues presented by this action, and on the further ground that the defendant had a lien upon the wood for the value of its storage, and was justified in refusing to give it up. The motion was denied, and the jury found a verdict in favor of the plaintiff.

The second ground on which the defendant moved for the direction of a verdict we think clearly untenable. The plaintiff testified that the wood was to be stored without charge. This was not denied by the defendant. The latter, however, correctly claims that the recovery in the other action, for the sum of one dollar, is conclusive evidence that the storage was not to be gratuitous. But, granting that the defendant was entitled to recover compensation for the privilege given to plaintiff,—and this is all that the judgment in the justice's action could determine,—it did not follow that he had any lien on the wood for the amount of such compensation, even if this was a case of storage, which we think was

not the fact. It has been uniformly held in this state that the common-law lien given warehousemen does not extend to cases of private storage. Trust v. Pirsson, 1 Hilt. 292; Rivara v. Ghio, 3 E. D. Smith, 264; Alt v. Weidenberg, 6 Bosw. 176; In re Kelly, 18 Fed. 528. The lien of warehousemen is now governed by statute (chapter 526, Laws 1885), which gives a lien only to a warehouseman, or a person lawfully engaged exclusively in the business of storing goods, wares, and merchandise for hire. This statutory provision would seem to deny a lien to persons storing goods who did not come within the terms of the statute.

The point that the judgment in the county court was conclusive that the defendant did not convert the wood is involved in more doubt. If either the facts established on the trial of this action or the recovery in the county court necessarily established that the wood was delivered into the personal custody and possession of the defendant, it would be difficult to distinguish this case from that of Collins v. Bennett, 46 N. Y. 490. There the action was to recover for the conversion of a horse which the defendant was boarding for the plaintiff. The plaintiff claimed that the defendant, while he had the horse to board, used him for his own purposes, and so negligently that the horse was foundered. He thereupon abandoned the horse to the defendant. The defendant subsequently sued the plaintiff in a justice's court for the board of the horse, and recovered judgment. It was held this recovery barred the action for conversion of the horse. But the evidence shows that here all that the plaintiff obtained was a mere privilege or license to deposit the wood on the defendant's land. The wood did not pass into the defendant's possession. Nor does the judgment in the county court establish the contrary. No parol evidence was given to show what was actually litigated in the justice's or county court. We must therefore rely on the record alone. The record of the proceedings before the justice shows that "plaintiff, as a complaint, alleged that the defendant stored on the premises of the plaintiff 160 cords of wood, for two months," etc. This is not an allegation that the plaintiff in that suit (the defendant in this) received the wood into his possession. There is no necessary inconsistency between the defendant's granting the plaintiff the occupation of the land, and yet converting the latter's property. The recovery for the use of the land, therefore, did not necessarily negative the conversion of the wood.

The judgment and order appealed from should be affirmed, with costs. All concur.