## WHITLOCK MACHINE COMPANY *vs.* OSCAR HOLWAY.

### Kennebec.    Opinion January 23, 1899.

*Lien.    Storage.    Money paid under protest.*

In the absence of any agreement, the common law does not give to a person, not an innkeeper or warehouse man, a lien on personal property for its storage.

A mortgagor in possession of a chattel, the mortgage being duly recorded, cannot subject it to a lien for storage which will take precedence of the mortgage.

Money paid under protest for the purpose of liberating property illegally detained is not a voluntary payment, and may be recovered in an action of money had and received.

*Held;* an action of money had and received may be maintained to recover money paid by the plaintiff under protest to the defendant to recover possession of a chattel illegally detained by the defendant, under a claim for storage, for which there was neither a lien upon the property nor a valid claim against the plaintiff.

AGREED STATEMENT.

Money had and received to recover $37.50 paid to defendant under protest and claimed by him as a lien due for storage of a printing press.

The case was reported to the law court by the presiding justice of the Superior Court of Kennebec County upon an agreed statement of facts.    They are sufficiently stated in the opinion of the court.

*Jos. Williamson, Jr., and L. A. Burleigh*, for plaintiff.

*M. S. Holway*, for defendant.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, FOGLER, JJ.

WISWELL, J.    The plaintiff bargained and delivered to the W. F. Mooers Publishing Company of Augusta, a printing press, under a written agreement that it should remain the property of the plaintiff until the purchase price, for which promissory notes

were given, was fully paid.    The instrument was duly recorded in the city clerk's office of the city of Augusta.    This transaction was in effect, under our statute, a sale and delivery to the Mooers Publishing Company and a mortgage back to secure the purchase price.

The Publishing Company rented rooms of the defendant, in one of which the printing press was set up.    After occupying these rooms for several months, during which time no rent was paid, the Publishing Company failed in business, made an assignment for the benefit of its creditors, vacated the rooms rented of the defendant and delivered to him the keys after removing all of its property except the printing press bought of and mortgaged back to the plaintiff.

The press remained in defendant's rooms for a period of two or three months, when the plaintiff sent a representative to take it away.    The defendant then demanded pay for its storage from the time that the Publishing Company vacated the rooms, and refused to deliver the press until this claim was satisfied.    The amount so claimed was thereupon paid by the plaintiff's attorney under protest in order to obtain the press.    This action of assumpsit for money had and received is to recover the amount so paid.

The defendant had no right to refuse to deliver the property to the plaintiff, who, under the terms of the agreement, was entitled to its possession, unless he had a common law lien thereon for its storage.    But, in the absence of any agreement, the common law does not give to a person, not an inn-keeper or warehouse man, a lien on personal property for its storage.    *Preston* v. *Neal*, 12 Gray, 222.

Moreover this property was subject to a mortgage to the plaintiff and the mortgagor could not by any act of his subject it to a lien which would take precedence of the mortgage.    *Storms* v. *Smith*, 137 Mass. 201.    The defendant undoubtedly had a valid claim against the mortgagor for the storage of this chattel, left by it in the defendant's rooms, but he had no lien upon the property nor claim for its storage against the plaintiff.

The defendant, therefore, had no right to retain the possession

of the printing press until his demand for its storage had been paid and he would have been liable for its conversion if an action had been commenced therefor.

The only remaining question is whether the money, paid under protest for the purpose of liberating the property, can be recovered in this action? We think that it can be. It was so held in *Chamberlain* v. *Reed*, 13 Maine, 357, under circumstances similar in principle. Such a payment is not voluntary. When made under protest, as in this case, notice is in effect given that the validity of the claim is denied and that an attempt will be made to recover the money so paid. The action is an equitable one, it lies to recover money which in equity and good conscience belongs to the plaintiff. Here, the plaintiff, in order to obtain its property, was compelled to pay a demand enforceable neither against it nor the property detained. The money can not be conscientiously retained by the defendant. Upon the facts agreed the action can be maintained and the plaintiff is entitled to judgment for the amount paid by it, $37.50, together with interest from the time of payment.

*Judgment accordingly.*