DEERING HARVESTER COMPANY v. FRANK HAMILTON and Others.[1]

June 11, 1900.

Nos. 12,138—(230).

### Contract of Agency to Sell Machinery.

A contract provided that defendants should act as sole agents of plaintiff in selling machinery in certain territory, the machines and fixtures to be cared for and stored by defendants. The consideration for acting as agents in the business was a certain profit on sales. The contract contained a provision that it might be terminated at any time by plaintiff. *Held*:

### Lien for Expenses.

1. The plaintiff could not terminate the contract without reasonable cause, and, none being shown, defendants had a lien upon the machinery in their possession for their expenses in caring for and storing it, during the life of the contract.

### Offer and Refusal not a Tender.

2. An offer of a specific amount, with a refusal to accept it, the money not being produced, does not constitute a tender.

[1] Reported in 83 N. W. 44.

Action in the district court for Polk county to recover possession of machinery or $200 damages in case possession could not be had. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of defendants, finding that they had a lien for $62.50. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*H. Steenerson* and *W. E. Rowe*, for appellant.

*A. A. Miller*, for respondents.

LEWIS, J.

Action by plaintiff in replevin to recover possession of certain machinery. The answer admitted ownership in plaintiff, and set up a lien on the same for expense of storage. Plaintiff appeals from an order denying its motion for a new trial, a verdict having been rendered against it for $62.50.

1. The contract between the parties provided for the appointment of defendants as the agents of plaintiff to sell its machinery during the season of 1899 upon certain terms. Among other things, defendants agreed to safely house or store, and keep free of taxes or other charges to plaintiff, all goods on hand at any time. It is also provided as follows:

"Said Deering Harvester Co. shall allow said agent, in full compensation or consideration for all his undertakings, and said agent hereby agrees to accept the same, the excess or difference between the net price specified herein and the price obtained from the purchaser, the same to be paid pro rata in cash and in notes, as the same represents the respective sales."

The plaintiff submits that under these terms of the agreement defendants are not entitled to claim anything for storage; that the consideration, as expressed, referred to and covered the expense of housing and caring for the property. The contract provides that the plaintiff may terminate it at any time, and take possession of the goods unsold remaining in the agents' hands, and it is alleged in plaintiff's reply that it terminated the contract on March 14, 1899, but no cause was assigned in the pleadings, and no issue submitted on the trial, as to the reason for terminating the contract. That instrument states that plaintiff might terminate it at any time,

but it could only do so upon reasonable cause. The language employed does not warrant the construction that plaintiff might arbitrarily terminate the contract, regardless of defendants' performance under it. The consideration expressed in the contract has no reference to expenses forced upon defendants by an unjustifiable termination of the agreement. For this reason, it was proper to receive evidence as to the cost of storage. Under such circumstances, a lien arises by implication in favor of defendants. Haebler v. Luttgen, 61 Minn. 315, 63 N. W. 720.

2. The following part of an instruction as to tender was excepted to by appellant, and is assigned as error:

"Now, in order to constitute a good tender of money of any amount, there must be an actual tender of money; that is, legal tender, that would be legal in law, and actually offer the money. To constitute a valid tender of money, it must be offered and exhibited to the person to whom it is made, unless it appears from the preponderance of the evidence that such person, by his conduct or words, prevented the tender or exhibition of the money."

The attorney of plaintiff testified that he had on June 24, 1899, gone to defendants' place of business, and offered D. A. Hamilton, one of defendants, $75, tendering him the exact amount in bills in discharge of the lien; that he refused to accept it, and demanded $100. The defendant denied that any money was offered or shown to him; says that the attorney said he would give $75, but did not produce it or offer to. Immediately after this conversation plaintiff caused the papers to be served in this case. Three or four days after, the same defendant went to the attorney's office, and said that he would accept the $75, but the plaintiff refused to pay it. It was a proper question for the jury. The instruction complained of was not misleading, as suggested, and substantially states the law. The mere statement by the attorney that he would give $75, and a refusal to accept it by defendants, does not constitute a tender. In the case of Pinney v. Jorgenson, 27 Minn. 26, 6 N. W. 376, it was held that, to make a tender of money valid, the money must be actually produced and proffered, unless the creditor expressly or impliedly waives this production. The jury found that the money

was not proffered, and so the refusal by defendants to accept the $75 has no application.

Order affirmed.