(66 Misc. Rep. 191.)
### ALTON v. NEW YORK TAXICAB CO.

(Supreme Court, Appellate Term.   February 18, 1910.)

1. BAILMENT (§ 18*)—LIEN—RIGHT—"WAREHOUSEMAN."
    Under Laws 1907, c. 732, § 27, now General Business Law (Consol. Laws, c. 20) § 112, limiting the right to a lien for charges for storing property to a "warehouseman," who is defined as one engaged in the business of storing goods for profit, a casual bailee of property is not entitled to a lien for storage charges.

    [Ed. Note.—For other cases, see Bailment, Dec. Dig. § 18.*
    For other definitions, see Words and Phrases, vol. 8, p. 7392.]

2. BAILMENT (§ 16*)—CONVERSION BY BAILEE—HOLDING FOR STORAGE CHARGES.
    Since a casual bailee of property had no right to hold the property until storage charges were paid by the bailor, though he was entitled to a reasonable storage charge, his refusal to deliver the property until such charges were paid was prima facie a conversion thereof.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 64–74; Dec. Dig. § 16.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Lee T. Alton against the New York Taxicab Company. From a judgment dismissing the complaint without prejudice, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Thomas & Oppenheimer, for appellant.

Lewis D. Mooney, for respondent.

BIJUR, J. The action is one for conversion of a lathe, originally stored with the defendant for mutual benefit. After defendant notified plaintiff to remove it, the latter delayed for about four months, after which his demand for the return of the lathe was refused, unless he paid a reasonable storage charge therefor.

No lien, however, inures upon stored goods in favor of a casual bailee, either by commercial usage or the laws of this state. By Laws 1907, c. 732, § 27 (now section 112 of the General Business Law [Consol. Laws, c. 20]), the right to a lien is limited to a warehouseman, defined as "a person lawfully engaged in the business of storing goods for profit." General Business Law, § 142. The history and rationale of this lien may be found in Trust v. Pirssen, 1 Hilt. 292, 297; Rivara v. Ghio, 3 E. D. Smith, 264, 267, cited with approval in Merritt v. Peirano, 10 App. Div. 563, 565, 42 N. Y. Supp. 97; Lyungstrandh v. Haaker Co., 16 Misc. Rep. 387, 38 N. Y. Supp. 129. See, also, Robinson v. Kaplan, 21 Misc. Rep. 686, 689, 47 N. Y. Supp. 1083.

Upon the record of this case, it would seem that plaintiff had made out a prima facie case of conversion, since defendant, while entitled to recover a reasonable charge for storage, had no right to refuse to return the lathe until that charge was paid.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.