[Civ. No. 2457.   First Appellate District.—September 28, 1918.]

# PACIFIC TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Respondent, v. STANDARD AMERICAN DREDGING COMPANY (a Corporation), et al., Appellants.

Telegraphs and Telephones—Injury to Transbay Cable—Negligence—Principal and Agent—Joint Liability.—In an action by a telegraph and telephone company against two defendants to recover damages for the destruction of its cable, laid in San Francisco Bay, where it appeared that the plaintiff had marked by monuments and given notice of the location of the cable in compliance with sections 536–540 of the Civil Code, and that the cable had been destroyed by the want of care of one of the defendants, which had been employed by its codefendant to drive certain piles, a judgment against both defendants should be affirmed, the employing defendant being responsible as principal for the act of its agent under section 2338 of the Civil Code, even though the act was

wrongful in its nature, and the defendant that negligently drove the piles being also liable under section 2343 of the Civil Code, because the act complained of was wrongful in its nature.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Ira S. Lillick, James S. Spillman, C. Irving Wright, F. E. Boland, John Douglas Short, A. A. Moore, and Stanley Moore, for Appellants.

Pillsbury, Madison & Sutro, for Respondent.

STURTEVANT, J., *pro tem.*—The plaintiff sued the defendants for damages caused by injury to its cable.    The case was tried by the trial court without a jury, a jury having been expressly waived.    The plaintiff had judgment, both defendants appealed, and have brought up the judgment-roll and a bill of exceptions.    Each defendant claims that the responsibility for the wrong complained of rests on the other defendant.    The trial court made findings which included, among others, findings to the effect that at the time of the injury complained of, the plaintiff was the owner of a certain telegraph and telephone cable resting on the bottom of San Francisco Bay, parallel with and along the north side of Long Wharf; that it had complied with the provisions of sections 536–540 of the Civil Code as to marking by monuments and giving notice of the *locus* of said cable; that the defendants at all times had knowledge and notice of the *locus* of said cable; that on July 14, 1912, the defendants negligently failing to take any precautions or take proper or any care to avoid striking or damaging said cable, drove certain piles upon said cable and thereby crushed, severed, and damaged the cable.    From the bill of exceptions it is clear that on July 14, 1912, one of the defendants, the Dredging Company, was constructing a platform adjacent to Long Wharf; that it employed the Southern Pacific Company to furnish its servants and appliances to drive the piles at the time and spot designated by the authorized agent of the Dredging Company; that it further appears that the act complained of was done pursuant to such engagement by the servants and agents of the

respective defendants at the times and at the spots so designated.

Under the facts found by the court and the uncontradicted testimony which we have cited, the act complained of was wrongful in its nature.

The defendant, the Southern Pacific Company, was acting within the scope of its authority in doing what it did, and for its acts its principal is responsible, even though such act is wrongful. (Civ. Code, sec. 2338; Shearman & Redfield on Negligence, secs. 150–175; *Stewart* v. *California Imp. Co.,* 131 Cal. 125, [52 L. R. A. 205, 63 Pac. 177]; *Trabing* v. *California Nav. Co.,* 121 Cal. 137, [53 Pac. 644]; *Philadelphia Ry. Co.* v. *Mitchell,* 107 Md. 600, [17 L. R. A. (N. S.) 974, 69 Atl. 422]; *Castroville etc. Co.* v. *Col,* 6 Cal. App. 533, 537, [92 Pac. 648].)

As the act complained of was wrongful in its nature, the agent, the Southern Pacific Company, was also liable to this plaintiff. (Civ. Code, sec. 2343, subd. 3; *Stewart* v. *California Imp. Co., supra;* Shearman & Redfield on Negligence, sec. 175; *Hodgson* v. *St. Paul Plow Co.,* 78 Minn. 172, [80 N. W. 956, 50 L. R. A. 644, and note].)

It follows that the judgment should be affirmed as against each defendant, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 28, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 25, 1918.