# M. L. GRICE v. EDWARD BERKNER.[1]

## January 14, 1921.

## No. 22,010.

**Theory of case — plaintiff bound by theory adopted at trial.**

1. Where an action is tried as an action in replevin at plaintiff's instance, he is not in position to claim a judgment as in conversion.

**No lien for storage charges, when.**

2. A person who stores goods for another, but who is neither a warehouseman nor in the business of storing goods, has no lien thereon for his storage charges at common law.

**Statutory lien for storage charges.**

3. Whoever keeps or stores personal property at the request of the owner or legal possessor, is given a lien thereon by statute for the value of the storage.

**Care of tenant's property by landlord after expiration of lease.**

4. Where the owner of personal property installs it in a rented building and departs for some place unknown, leaving it in the building at the expiration of his lease, his conduct may be taken as an implied request for the owner of the building to store and care for the property.

**Lien not lost by holder making excessive claim.**

5. Where the lienholder refused to surrender the property until his claim against it was paid, but was not asked and did not state the amount of the claim, he did not lose his lien by claiming an excessive amount in the suit brought against him for the property.

Action in the district court for Hennepin county to recover $900 for conversion. The facts are stated in the first paragraph of the opinion. The case was tried before Dickinson, J., who at the close of the testimony granted plaintiff's motion for a directed verdict that he was entitled to recover the goods or their value, and submitted to the jury the question of the value of the goods, which they found

[1]Reported in 180 N. W. 923.

was $750 and the storage charges $144. Plaintiff's motion for judgment in the sum of $750 and defendant's motion for an order entitling plaintiff to delivery and possession of the goods on the payment of $144, were denied in that form and the court made findings that plaintiff was entitled to the immediate possession of the goods upon payment to defendant of $144 and, on failure of defendant to deliver possession to plaintiff, to a money judgment against defendant for $750. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Mead & Bryngelson,* for appellant.

*O. M. Peabody,* for respondent.

TAYLOR, C.

Plaintiff held a chattel mortgage on a moving-picture outfit operated in a building leased from defendant at Sleepy Eye in Brown county. The owner of the outfit seems to have abandoned it and disappeared. Defendant sold the building and desired to deliver possession to the purchaser. As the lease had expired and he was unable to find the owner of the moving-picture outfit, he removed it from the building and stored it in another building which he controlled. Default having occurred in plaintiff's mortgage, she made a written demand on defendant for possession of the property. Defendant refused to surrender it until his claim against it was paid. This suit followed. The complaint alleged the execution of the mortgage, the default, the demand for the property, the refusal to deliver it, the value of the property, that defendant had converted it to his own use, and demanded judgment for its value. The answer asserted a lien on the property in the sum of $300 under a chattel mortgage held by defendant, and a further lien in the sum of $425 for storage charges. The action came on for trial before the court and a jury. In a discussion between counsel and the court as to the relevancy of certain facts sought to be elicited from one of plaintiff's witnesses on cross-examination, the court observed that this was not an action in replevin, to which plaintiff's counsel responded: "That is just what this is. It is replevin without putting up a bond." This statement of the nature of the ac-

148 M.—5.

tion was acquiesced in at once by counsel for defendant and by the court, and the trial proceeded on that theory.

After the taking of evidence had been completed and both parties had rested, plaintiff moved the court: "To direct a verdict in this case for some amount, and to inform the jury that on the undisputed facts there is a conversion by Edward Berkner, and the only question is to decide the value of the goods." To which the court responded: "Plaintiff's motion for a directed verdict is granted that the plaintiff is entitled to recover the goods or their value, less the storage charges, should the court find that such charges were a valid lien." It was then agreed that the jury should return a special verdict fixing the value of the property and the amount of the storage charges. The jury placed the value of the property at $750 and the amount of the storage charges at $144. Thereafter plaintiff made a motion for an order directing judgment as in conversion, and defendant made a motion for an order directing judgment as in replevin. The court made findings of fact and conclusions of law, and rendered judgment to the effect that plaintiff was entitled to recover possession of the property on payment of $144, and to recover the sum of $750 in case possession could not be obtained. Plaintiff appealed from the judgment.

Plaintiff contends that the action was in conversion, that the evidence established sufficient facts to entitle her to recover in conversion, and that the court erred in making findings and rendering judgment on the theory that the action was in replevin. We may concede, for present purposes, that this contention would be well founded were it not for the fact that, in consequence of plaintiff's assertion that the action was in replevin, it appears to have been voluntarily tried on that theory. The action having been tried as an action in replevin at plaintiff's instance, she was not in position to claim a judgment in conversion, and the court was justified in denying her application for such a judgment and in disposing of the case as an action in replevin. Lindquist v. Gibbs, 122 Minn. 205, 142 N. W. 156, and cases there cited. Plaintiff further contends that defendant was not entitled to a lien on the property. The court found as a fact that defendant's chattel mort-

gage was inferior and subordinate to plaintiff's chattel mortgage and refused to allow defendant any lien thereunder as against plaintiff. This eliminated defendant's claim under his chattel mortgage. The court further found, however, that defendant had a valid claim for storage of the property in the sum of $144, the amount found by the jury, and was justified in refusing to surrender possession until this claim was paid.

A person who stores goods for another, but is neither a warehouseman nor in the business of storing goods, has no lien thereon for his storage charges at common law. Whitlock Mach. Co. v. Holway, 92 Me. 414, 42 Atl. 799; Lewis v. Gray, 109 Me. 128, 83 Atl. 1, 39 L.R.A.(N.S.) 1164, Ann. Cas. 1913D, 1298; Preston v. Neale, 12 Gray (Mass.) 222; Merritt v. Peirano, 10 App. Div. 563, 42 N. Y. Supp. 97, affirmed 167 N. Y. 541, 60 N. E. 1116; Alton v. New York Taxicab Co. 66 Misc. 191, 121 N. Y. Supp. 271. Brunswick-Balke-Collender Co. v. Murphy, 89 Miss. 264, 42 South. 288. Defendant was neither a warehouseman nor in the business of storing goods, so far as the record discloses, and consequently had no lien for his storage charges unless given him by statute. Our statute provides that "whoever at the request of the owner or legal possessor of any personal property" shall keep or store such property "as a warehouseman *or other bailee*," shall have a lien thereon for the value of such storage and the right to retain the property until such lien is discharged. G. S. 1913, §§ 7036, 7037. Plaintiff insists that defendant did not bring himself within the protection of this statute, for the reason that he failed to show any express request to care for or store the property.

The owner of the property had gone away and his whereabouts were unknown. He left the property in defendant's building, knowing that it must be removed before defendant could use the building for other purposes. He made no provision whatever for removing, caring for or storing it. He knew that defendant would have the right to remove it from the building, and he could not have intended that it should be deposited in the street with no one to care for it. Leaving the property in defendant's building under these circumstances made defendant what the Massachusetts court, in Preston v. Neale, 12 Gray,

222, termed "an involuntary depositary" of it, and we think may be given effect as implying a request to care for and store it. Defendant was not a trespasser nor his possession tortious. When he removed the property to another building under his own control, the law imposed upon him the obligations of a bailee in respect to it. Burns v. State, 145 Wis. 373, 128 N. W. 987, 140 Am. St. 1081; 3 R. C. L. 83; 6 C. J. 1105. And he therefore became entitled to compensation for keeping and preserving it, and we think was within the intendment of the statute.

Plaintiff further contends that defendant forfeited his lien by claiming more than was due, but concedes that the amount claimed by defendant was not disclosed until defendant served his answer and testified at the trial. Plaintiff had the sheriff serve a written demand for the property. In reply to the demand defendant said that he would deliver the property when his claim against it was paid and not until then. So far as the record shows, no inquiry was made nor information given as to the amount of the claim. Defendant simply asserted a right to retain possession until paid and plaintiff refused to recognize this right. A tender of the amount actually due for storage, whether accepted or not, would have extinguished the lien. Folsom v. Barrett, 180 Mass. 439, 62 N. E. 723, 91 Am. Rep. 320; Munson v. Porter, 63 Iowa, 453, 19 N. W. 290. But plaintiff made no attempt to ascertain the amount due and no offer to pay any amount whatever, and hence cannot claim that she was prevented by the acts of defendant from paying or tendering the correct amount. The facts distinguish this case from Hamilton v. McLaughlin, 145 Mass. 20, 12 N. E. 424, and Bowden v. Dugan, 91 Me. 141, 39 Atl. 467, cited by plaintiff, and the distinction is pointed out in Folsom v. Barrett, supra. We fail to find any sufficient ground for saying that defendant had forfeited his lien.

Judgment affirmed.