## VARLEY & COMPANY v. JOHN OBERG.[1]

August 4, 1922.

No. 22,898.

**Lessor of warehouse not entitled to common law lien on potatoes therein for services rendered lessee.**

1. To acquire a common law lien the possession of the property by the claimant must be independent and distinct from that of the owner.

**Lessor of warehouse had not acquired a warehouseman's lien.**

2. Defendant, the owner of a potato warehouse, rented the warehouse to plaintiff and agreed to buy and load potatoes for plaintiff until all the potatoes had been marketed, and plaintiff agreed to pay him a lump sum therefor payable in instalments. *Held* that his possession of the potatoes purchased and stored in the warehouse pursuant to this contract was the possession of plaintiff and that he had no lien thereon either at common law or under the statute; *held* further that he had no independent possession of potatoes received in storage for others and was not entitled to recover them from plaintiff.

Action in replevin in the district court for Kanabec county to recover possession of 218,576 pounds of potatoes or for $12,500 if possession could not be had. The opinion fully states the facts. The case was heard before Searles, J., who, when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony plaintiff's motion for a directed verdict, and submitted to a jury three special questions. The court made findings incorporating the answers of the jury (see paragraphs 2 and 3 of the opinion) and ordered return of the potatoes or $2,004.23 and interest. From an order denying its motion for a new trial, plaintiff appealed. Reversed.

*George H. Smith* and *Charles B. Elliott*, for appellant.

*J. C. King* and *William H. Lamson*, for respondent.

[1]Reported in 189 N. W. 450.

TAYLOR, C.

Plaintiff is engaged in the business of buying potatoes and shipping them to market. Defendant owns two potato warehouses at Quamba in Kanabec county and buys potatoes and other farm products from the growers. On August 4, 1919, plaintiff and defendant made a contract by which defendant rented one of these warehouses to plaintiff for the season of 1919 and 1920, and agreed to buy potatoes for plaintiff and load them for shipment until all the potatoes had been marketed, and plaintiff agreed to pay defendant the lump sum of $1,200 for the rent of the building and for defendant's services, payable in monthly instalments. The parties operated under this contract from its date until some time in February, 1920, when a disagreement arose between them and defendant refused to permit plaintiff to take any more potatoes from the warehouse until a balance which he claimed for services performed and material furnished had been paid. Thereupon plaintiff brought this action in replevin and issued an order to the sheriff, under which, on February 20, 1920, the sheriff took and thereafter delivered to plaintiff 228,575 pounds of potatoes. In his answer defendant admitted that 195,920 pounds of the potatoes taken belonged to plaintiff, alleged that the remainder of the potatoes taken did not belong to plaintiff, but without stating to whom they belonged, and further alleged that he was entitled to a lien on plaintiff's potatoes for the amount of his claim, which was set forth in detail, and that he was entitled to the possession of all the potatoes taken until his claim was paid in full.

The court found as facts that defendant had purchased for plaintiff and placed in the warehouse 835,490 pounds of potatoes and had shipped out for plaintiff 597,000 pounds, prior to February 20, 1920, leaving in the warehouse on that date 238,490 pounds belonging to plaintiff according to the original weights; that the potatoes had lost 4 per cent of their original weight by shrinkage; that in consequence of such shrinkage only 205,071 pounds of potatoes belonging to plaintiff were in the warehouse on February 20, 1920; that plaintiff took from the warehouse under the replevin proceedings 220,575 pounds, being 23,504 pounds more than belonged to it;

that these potatoes had become of the value of $7 per hundredweight at Quamba, before May 1, 1920; that the amount due defendant for services and material furnished by him in caring for and handling plaintiff's potatoes was the sum of $358.95.

As conclusions of law the court found that defendant was the owner of the 23,504 pounds of potatoes taken by plaintiff in excess of the quantity owned by plaintiff; that defendant had a lien for the sum of $358.95 on the 205,071 pounds of potatoes owned by plaintiff; and that defendant is entitled to the possession of all the potatoes taken by plaintiff under the writ.

The court directed judgment for the return of the potatoes or for the sum of $2,004.23 and interest.

Plaintiff contends that defendant had no lien on plaintiff's potatoes. Defendant insists that he had a statutory lien under sections 7036 and 7037, G. S. 1913, or a common law lien. The facts clearly fail to bring him within the statute and he has no lien thereunder. To be entitled to a common law lien the claimant must have an exclusive possession of the property independent and distinct from that of the owner. 17 R. C. L. 601 and 602; 25 Cyc. 670; note 42 L. R. A. (N. S.) 731. His possession must be rightful and must not have been obtained through a breach of duty. Randel v. Brown, 2 How. 406. He must bring himself within the rule giving a lien to bailees. 17 R. C. L. 602. One who is simply an employe has no lien as his possession is deemed that of his employer. 17 R. C. L. 602; 26 Cyc. 1066; note 42 L. R. A. (N. S.) 731; Meachem, Agency, § 676; Wilcox v. Matthews, 44 Mich. 192, 6 N. W. 215; Hodgson v. St. Paul Plow Co. 78 Minn. 172, 80 N. W. 956, 50 L. R. A. 644.

Applying the rules generally recognized as governing such matters we are constrained to hold that defendant failed to establish a common law lien. He owned the warehouse, but had leased it to plaintiff and during the time in question it was plaintiff's warehouse and under plaintiff's control. He was employed by the plaintiff to buy potatoes, store them in the warehouse and load them for shipment. He bought them for plaintiff with plaintiff's fund, and, until the disagreement arose, shipped them as plaintiff directed. His possession of the potatoes so purchased was not independent and

distinct from that of plaintiff, but in law was the possession of plaintiff. They were in plaintiff's warehouse in charge of defendant as plaintiff's representative. He clearly was not within the rule giving a lien to bailees. Haebler v. Luttgen, 61 Minn. 315, 63 N. W. 72; and Deering Harvester Co. v. Hamilton, 80 Minn. 162, 83 N. W. 44, cited by defendant, are not in point. In those cases the property had been shipped by the owner to the agent for sale on a commission basis, and the agent had received it and had it in storage on premises over which the owner had no control.

Defendant, acting as plaintiff's agent, had received for storage and commingled with plaintiff's potatoes a considerable quantity belonging to neighboring farmers. These potatoes were stored in the warehouse by farmers who intended to sell them, but desired to wait for a hoped-for-advance in price before doing so. Plaintiff took and removed only the quantity of potatoes which it claimed to own, leaving the remainder in the warehouse. The potatoes left in the warehouse, amounting to some 6 carloads, were subsequently purchased from the farmers by the George E. Rice Potato Company who occupied defendant's other warehouse and for whom defendant was also purchasing potatoes. He made this purchase for that company and shipped out the potatoes for them. This purchase did not include the 23,504 pounds which the court found that plaintiff had taken in excess of the quantity belonging to it. Defendant makes no claim that he ever purchased these potatoes or acquired any interest in them. He bases his claim to recover possession of them on the contention that he was in possession of all the potatoes in the warehouse and that such possession entitles him to recover them from anyone who has no title to them. But, as already stated, this contention cannot be sustained under the admitted facts. Plaintiff was in possession of the potatoes. Defendant was merely plaintiff's representative and never had any possession of the potatoes which he could maintain against the plaintiff.

It follows that the order of the trial court must be and is reversed.

Reversed.