# J. I. CASE COMPANY v. WILLIAM JANSA AND ANOTHER.[1]

January 19, 1934.

No. 29,727.

[1]Reported in 252 N. W. 436.

*Joseph A. Hosp,* for appellant.
*Nelson & Nelson,* for respondent.

OLSEN, *Justice.*

Plaintiff appeals from a judgment in favor of the defendant Coggins.

Plaintiff corporation is engaged in selling and distributing trucks and farm machinery through retail dealers in cities and villages in farming communities with whom it enters into contracts. The written contracts here in question were entered into with defendant William Jansa, doing business at Blooming Prairie, a small village in this state. As far as here necessary to state, these contracts are in the nature of conditional sales contracts whereby the plaintiff agrees to ship to the dealer farm machinery and implements as ordered, and the dealer agrees to resell the same to his customers and then to pay to the plaintiff the price at which the goods are furnished to him. The plaintiff retains the title to all goods until resold and retains title to the proceeds of goods resold until paid for. In the meantime the dealer agrees to store, protect, and care for all machinery and repairs ordered, to insure same for the benefit of plaintiff, and to pay all insurance, taxes, license fees, and charges of every nature thereon.

The dealer, Jansa, had such contracts with the plaintiff for each of the years, 1929, 1930, and 1931 and received farm machinery and trucks from plaintiff under such contracts. Defendant Jansa had a place of business in Blooming Prairie but did not have storage room for plaintiff's goods. Defendant Coggins had a warehouse near Jansa's place of business. For some years prior to October, 1929, and thereafter, Coggins used this warehouse for storing goods therein for others for compensation. His warehouse was not one requiring license under our statutes. In October, 1929, defendant Jansa arranged with Coggins for storage in the warehouse of machinery, implements, and trucks belonging to plaintiff and received by Jansa under his contracts with plaintiff, and continued thereafter to store such goods therein. No lease or agreement was made as to any particular space or part in the warehouse. Others also were then storing and continued thereafter to store goods therein. No time was fixed for such storage of plaintiff's goods and no sum agreed upon as compensation therefor.

About April 1, 1932, defendant Coggins notified plaintiff that storage charges were owing for the storage of its goods and that he claimed a lien thereon and would hold the goods until storage charges were paid. Jansa was at that time indebted to plaintiff in a substantial sum. Plaintiff's contract with Jansa had then expired, except as to goods remaining in storage or in Jansa's possession. Plaintiff then brought this action in replevin or claim and delivery for possession of the goods remaining in storage in the warehouse, joining Jansa and Coggins as defendants. Coggins counterclaimed for a recovery of the reasonable value of the storage of the goods, less some payments made by Jansa, and asked to have a lien upon the goods for the unpaid storage. No question was raised as to plaintiff's legal title to the goods. The question of defendant Coggins' right to recover storage and have a lien upon the goods therefor was submitted to the jury and a verdict returned in his favor for such storage in the sum of $438 and that he had a lien therefor on the goods. Plaintiff had moved for a directed verdict on the storage claim and thereafter moved for judgment not-

withstanding the verdict. The motions were denied. There was no motion for a new trial. Judgment was entered and this appeal taken. Defendant Jansa is not a party to the appeal.

■ The principal question raised is that the verdict is not sustained by the evidence; in other words, that on the evidence presented the defendant Coggins is not entitled to any lien for storage of plaintiff's goods.

Plaintiff's brief and argument is largely devoted to consideration of the rules as to liens under the common law. The defendant Coggins bases his right to a lien on our statute. 2 Mason Minn. St. 1927, §§ 8507, 8508. These sections provide, in substance, that one who, at the request of the owner or legal possessor of personal property, shall keep, store, or care for such property, as a warehouseman or other bailee, shall have a lien upon the property for the price or value of such storage or care. Under these sections, the evidence fairly sustains the jury in finding that the property in question was stored with defendant Coggins by Jansa, the then legal possessor thereof, and that Coggins was a warehouseman. The evidence sustains the verdict.

" 'Warehouseman' means a person lawfully engaged in the business of storing goods for profit." 1 Mason Minn. St. 1927, § 5167.

In Grice v. Berkner, 148 Minn. 64, 180 N. W. 923, the holding is that under our statute:

"Whoever keeps or stores personal property at the request of the owner or legal possessor, is given a lien thereon by statute for the value of the storage."

In that case this court recognized the rule that under the common law a person not a warehouseman or in the business of storing goods has no lien for storage charges, but held that a private person, not a warehouseman or engaged in the business of storing property, was entitled to such a lien under our statutes.

■ It is argued that Jansa was a lessee of part of the building so as to create the relation of landlord and tenant. There is no basis in the evidence for so holding. There was no leasing of any

part of the building and no particular space therein was set apart for Jansa.

Plaintiff's argument assumes that there was an agreement for a monthly payment of $25 for the storage. Here, again, the evidence for defendant is to the contrary.

■ The claim is made that because Coggins furnished Jansa with a key to the warehouse so that Jansa could enter same and was permitted to remove stored articles therefrom from time to time when sold by him, therefore Coggins did not have such exclusive possession of the goods as to be entitled to a lien. The evidence indicates that substantially the same amount of goods was kept by Jansa in the warehouse at all times. Articles were removed from time to time and other goods of the same kind placed in the warehouse. Coggins had control of the warehouse. He could have excluded Jansa and plaintiff therefrom and claimed his lien at any time after storage was owing, as he finally did. We hold his possession was sufficient and that he did not waive his lien right by permitting Jansa to take out goods and replace them with others. Had Jansa or plaintiff, with the permission of Coggins, removed all the goods from the warehouse, a different situation would have resulted. A voluntary surrender of possession of property waives the lien upon the property so surrendered. Such is the holding in our cases cited by plaintiff. In the present case Coggins is not claiming any lien on any property voluntarily surrendered.

■ The cases of Varley & Co. v. Oberg, 153 Minn. 113, 189 N. W. 450, and State v. J. I. Case Co. 189 Minn. 180, 248 N. W. 726, cited by appellant, are not here applicable. The case of Sundin v. Swanson, 177 Minn. 217, 225 N. W. 15, is favorable to defendant Coggins, for it holds that under §§ 8507, 8508, of the statutes the lien claimant's rights are superior to the rights of the holder of the legal title under a conditional sales contract. It cites Stebbins v. Balfour, 157 Minn. 135, 195 N. W. 773, so holding. But in the Sundin case the lien claimant had surrendered possession and so lost his lien.

■ In the reply brief plaintiff argues that Coggins was claiming his lien as a public warehouseman under the statute regulating

public warehouses and warehousemen. As already noted, Coggins was not conducting a warehouse under the public warehouse statute. That statute does not apply to this kind of a warehouse in a village such as Blooming Prairie, having less than 5,000 inhabitants.

■ The refusal of the court to give certain instructions to the jury is assigned as error. The only request not covered by what has already been said was one to charge that whatever storage charges had accrued were incurred in reliance on a personal credit extended to defendant Jansa and not based on the possession of the goods in question. On the evidence the jury was not required so to find.

Judgment affirmed.