In re EXPRESS FRUIT & PRODUCE, INC., Debtor.

Brian F. LEONARD, Trustee, Plaintiff,

v.

DAHLKE TRAILER SALES & LEASING COMPANY, Defendant.

Bankruptcy No. 3–80–01935.
Adv. No. 81–0078.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 6, 1982.

Brian F. Leonard of O'Neill, Burke & O'Neill, Ltd., St. Paul, Minn., for plaintiff-trustee.

James R. Bettenburg of Bertie, Bettenburg & Strong, St. Paul, Minn., appeared for defendant, Dahlke Trailer Sales & Leasing Co.

## MEMORANDUM OPINION

JACOB DIM, Bankruptcy Judge.

The above-entitled matter came on for hearing on October 26, 1981 before the Honorable Jacob Dim, Bankruptcy Judge.

Brian F. Leonard of O'Neill, Burke and O'Neill, Ltd. appeared for and as the plaintiff-trustee.

James R. Bettenburg of Bertie, Bettenburg & Strong appeared for the defendant, Dahlke Trailer Sales & Leasing Company (Dahlke).

## OPINION

The essential facts in this proceeding are undisputed and may be stated briefly.

The defendant was engaged by the debtor on or about July 11, 1980 to repair a trailer. The work was completed on or about July 31, 1980. In August, 1980, the defendant released the trailer to the debtor without payment for the repairs pursuant to an agreement with the debtor. That agreement provided that the defendant could retain possession of a second trailer which would be brought in for repairs until the bill for repairs on the first trailer was paid. The agreement was oral, and therefore, unrecorded.

On September 16, 1980, the debtor paid the bill on the first trailer and the second trailer was released to the debtor by the defendant. The amount paid by the debtor on the first trailer was $5,933.87.

At all times relevant, the defendant had possession of either the first trailer or the second trailer.

The debtor filed for relief under the Bankruptcy Code, Title 11 of the United States Code on November 6, 1980, within 90 days of the above transfer.

11 U.S.C. § 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The plaintiff-trustee seeks to recover the payment to the defendant of $5,933.87 as a

preferential transfer avoidable under 11 U.S.C. § 547(b). It cannot be disputed that the transfer by the debtor satisfies § 547(b)(1)–(4). The sole issue is whether the defendant, by the transfer, will receive more than other creditors of the same priority under chapter 7 of the Bankruptcy Code.

The defendant contends that it had a possessory lien under *Minn.Stat.* § 514.18 on September 16, 1980, the date of the transfer. If the defendant had released its lien in exchange for the transfer, the defendant would have received no more than what would be paid under chapter 7.

Minn.Stat. § 514.18 states:

"Whoever, at the request of the owner or legal possessor of any personal property, shall store or care for or contribute in any of the modes mentioned in section 514.19 to its preservation, care, or to the enhancement of its value, shall have a lien upon such property for the price or value of such storage, care, or contribution, and for any legal charges against the same paid by such person to any other person, and the right to retain the property in his possession until such lien is lawfully discharged; *but a voluntary surrender of possession shall extinguish the lien herein given.* (Emphasis Added)

■ The defendant voluntarily surrendered possession of the first trailer. At that point the defendant lost its possessory lien in the first trailer, according to the plain language of the statute. In order to maintain a possessory lien under § 514.18, the creditor must retain possession of the personal property upon which the work was done.

Nor is this case analogous to cases under the 'single contract rule' such as *Braufman v. Hart Publication, Inc.*, 234 Minn. 343, 48 N.W.2d 546 (1951) and *J. I. Case Company v. Jansa*, 190 Minn. 518, 252 N.W. 436 (1934). In those cases, different parts of the original collateral were released. The creditors only claimed a lien on the original collateral remaining. The defendant here released all the original collateral and can claim no possessory lien in the first trailer.

When the debtor and the defendant agreed to substitute the second trailer as collateral for the repairs on the first trailer, the defendant agreed to surrender his possessory lien and took a consensual lien in the second trailer. The lien that the defendant acquired in the second trailer securing the $5,933.87 was not the result of repairs performed on it. That lien arose by agreement between the parties.

A consensual lien, to be perfected, must be properly recorded, unlike a possessory lien which is perfected by possession. The lien on the second trailer was not recorded and, hence, was unperfected.

■ An unperfected lien may be defeated by a bona fide purchaser or a judgment creditor. Pursuant to 11 U.S.C. § 544(a), the lien is avoidable by a trustee under chapter 7. Because the lien is avoidable under chapter 7, the defendant received more than other creditors in the same class. The defendant was preferred over other similar creditors and must return the $5,933.87 received from the debtor.

ACCORDINGLY, IT IS ORDERED and ADJUDGED that the defendant, Dahlke Trailer Sales & Leasing Company, pay to the plaintiff, Brian F. Leonard, trustee, the sum of $5,933.87, and plaintiff is entitled to judgment in said amount.

LET JUDGMENT BE ENTERED ACCORDINGLY.