KENNETH G. STREMMEL, APPELLEE, V. ROSELLA J. KINNEY, DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT, DONALD DAEGES, DOING BUSINESS AS OMAHA REAL ESTATE COMPANY, THIRD-PARTY DEFENDANT, APPELLEE.

412 N.W.2d 834

Filed September 25, 1987.    No. 85-619.

Christine P. Costantakos, for appellant.

William E. Pfeiffer of Spielhagen & Pfeiffer, Associates, for appellee Stremmel.

John M. Burns of Schmid, Ford, Mooney & Frederick, P.C., for appellee Daeges.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from the district court for Douglas County. Rosella J. Kinney appeals from the district court's decree of specific performance ordering the appellant to comply with the uniform purchase agreement entered into between herself and appellee Kenneth G. Stremmel. The facts relevant to this appeal are as follows.

Sometime in September of 1981, real estate broker and third-party defendant in this case, Donald Daeges, investigated

the ownership of certain fourplexes located in Omaha on North 52d Street. Through his research Daeges determined that the appellant owned one of the buildings. Daeges then contacted Kinney to determine whether she was interested in selling her fourplex. She replied that she had, in fact, been thinking of selling. The two met on October 15, 1981, and entered into a listing agreement at a selling price of $72,500.

Thereafter, Daeges contacted Stremmel, to whom he had previously sold property and who owned a fourplex immediately adjacent to the appellant's. On October 19 Stremmel submitted a uniform purchase agreement, offering to buy Kinney's fourplex at a price of $65,000. Daeges testified that the offer was shown to Kinney, who signed the acceptance portion of the agreement conditioned upon a selling price of $67,000. On October 20 Daeges took the counteroffer to Stremmel, who rejected it and executed another uniform purchase agreement, offering to purchase the fourplex at a price of $66,000. Kinney signed the acceptance portion of the uniform purchase agreement, which is the subject of this litigation, that same day.

On or about the 26th of October, the appellant told Daeges that she was unwilling to complete the sale for various reasons. Stremmel testified that a "couple of weeks" later he was told that the appellant was not going to complete the agreement. Stremmel testified that on and after October 20 he was ready, willing, and able to complete the contract.

Stremmel filed a petition on May 13, 1982, for specific performance. With her amended answer Kinney also filed a third-party petition for declaratory judgment, joining Daeges. Stremmel's petition for specific performance was granted, and appellant's third-party petition for declaratory judgment was dismissed. Appellant's motion for new trial was denied. This appeal follows.

Appellant now alleges as error that the district court's decree of specific performance was not supported by clear and convincing evidence and that the lower court's dismissal of her motion for declaratory judgment was erroneous. Finding that the appellee Stremmel met his burden of proving a valid and binding contract, we affirm.

Appellant supports her first assignment of error by arguing that Stremmel did not prove a valid and legally enforceable contract, as he failed to prove that the appellant's acceptance was communicated to him prior to the communication of the appellant's rejection of the offer and revocation of acceptance. The rules regarding this matter were thoroughly discussed in *Kucaba v. Kucaba*, 146 Neb. 116, 18 N.W.2d 645 (1945), where we said:

> "The fundamental principle is that the burden of proof in any cause rests upon the party who, as determined by the pleadings or the nature of the case, asserts the affirmative of an issue and remains there until the termination of the action." . . .
>
> . . . .
>
> "The test for determining which party has the affirmative, and therefore the burden of establishing a case, is found in the result of an inquiry as to which party would be successful if no evidence at all were given, the burden being, of course, on the adverse party."

(Citations omitted.) *Id*. at 125, 18 N.W.2d at 650-51.

In this case the burden was on the appellant to establish, by a preponderance of the evidence, that she had revoked her acceptance of the offer prior to communication of her acceptance to the offeror. Once the contract was offered and received in evidence, if no other evidence was offered by the seller, the buyer would be entitled to judgment. This rule of proof properly places the burden on the party who would suffer loss if the issue were not established. *Id*.

The defendant in *Kuehnle v. Augustin*, 333 Ill. 31, 164 N.E. 194 (1928), asserted a similar failure in the bargaining process. In that case the Illinois Supreme Court held that in a suit for specific performance it was the defendant's burden to establish that she withdrew her offer before the contract was executed by the plaintiff.

The record in this case indicates that the seller in her answer never denied the existence of a contract. Quite to the contrary, she alleged that in fact there was a contract, but argued that it would be inequitable for the court to enforce the terms of the contract. Specifically, she alleged, "[T]he purchase agreement

described in plaintiff's Petition is an invalid contract at law and without adequate and sufficient consideration, and specific performance should be denied." Nowhere in her answer did she allege that she had revoked her acceptance of the offer, thereby preventing the contract from coming into being. As such, we are precluded from considering the issue.

The appellant relies on our earlier decision in *Pribil v. Ruther*, 200 Neb. 161, 262 N.W.2d 460 (1978). In *Pribil* evidence was adduced by the seller that she rejected the offer 3 days before the contract was delivered to the buyer. The principal issue in the case was whether the defendant had effectively rejected the plaintiff's offer and revoked her acceptance of the offer before the acceptance had been communicated to the plaintiff. In *Pribil* we found that the evidence did not show the acceptance was communicated to the plaintiff and thus became effective before the defendant changed her mind and rejected the offer. Unlike *Pribil*, there was no issue as to whether the plaintiff herein, as part of his prima facie case, proved a communicated acceptance.

The evidence, such as it is, is that the contract on its face was accepted on October 20, 1981, the date it was signed. By producing this contract the buyer established the existence of a binding contract. In 17A C.J.S. *Contracts* § 581 at 1119 (1963), it is said: "A contract is presumed to have been executed on the day of its date." Further, *id.* at 1120, it is said: "Where a written agreement signed by one of the parties is found in the possession of the other party, in the absence of other proof it is presumed to have been duly delivered . . . ." Further, in *Dodd v. Kemnitz*, 74 Neb. 634, 636, 104 N.W. 1069, 1070 (1905), we said: "[T]he possession of a written agreement is *prima facie* evidence only of a delivery."

Unlike *Pribil*, the seller herein produced no affirmative evidence that her rejection occurred before her acceptance was communicated. Who had the burden to prove offer and acceptance versus rejection was never an issue in the *Pribil* case, as disclosed by the briefs filed in this court. For these reasons, the appellant's reliance on *Pribil* is unfounded.

Appellant's second assignment of error is that the district court erred in its judgment dismissing appellant's request for

declaratory relief against third-party defendant Daeges. In support of this contention appellant reasserts her claim as to the validity of the uniform purchase agreement of October 20, 1981. In light of the discussion above, this claim has no merit.

Appellant also asserts a breach of fiduciary duty on the part of third-party defendant Daeges, entitling her to equitable rescission. Our review of equitable actions is by trial de novo. In a trial de novo this court is to retry issues of fact and reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court, subject to the rule that where credible evidence on material issues is in conflict, this court will consider that the trial court observed the witnesses and accepted one version of the facts over another. *Schmeckpeper v. Koertje*, 222 Neb. 800, 388 N.W.2d 51 (1986). Having reviewed the record, we find that the trial court properly dismissed appellant's third-party petition, and we affirm.

AFFIRMED.

KRIVOSHA, C.J., not participating.